# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #036

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **29th day of June, 2017**, are as follows:

**BY GUIDRY, J.**:

2016-C-1855       CENTRAL   PROPERTIES   v.   FAIRWAY   GARDENHOMES,   LLC,   ET   AL.   C/W
   C/W          HUSKER   PARTNERS/US   BANK   D/B/A   HUSKER   PARTNERS   v.   FAIRWAY
2016-C-1946       GARDENHOMES,   LLC,   ET   AL.   C/W   HUSKER   PARTNERS/US   BANK   D/B/A
                 HUSKER   PARTNERS   v.   FAIRWAY   GARDENHOMES,   LLC,   ET   AL. (Parish of
                 St. Tammany)

                 Retired   Judge   Walter   James   Rothschild,   assigned   as   Justice   ad
                 hoc, sitting for Hughes, J., recused.

                 Accordingly,   we   reverse   the   judgment   of   the   court   of   appeal   and
                 remand   the   case   to   that   court   for   consideration   of   the
                 pretermitted issues.
                 REVERSED AND REMANDED.

                 JOHNSON, C.J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2016-C-1855

CONSOLIDATED WITH

No. 2016-C-1946

CENTRAL PROPERTIES VS.
FAIRWAY GARDENHOMES, LLC, ET AL.

CONSOLIDATED WITH

HUSKER PARTNERS/US BANK D/B/A HUSKER PARTNERS
VS. FAIRWAY GARDENHOMES, LLC, ET AL.

CONSOLIDATED WITH

HUSKER PARTNERS/US BANK D/B/A HUSKER PARTNERS
VS. FAIRWAY GARDENHOMES, LLC, ET AL.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF ST. TAMMANY

**Guidry, Justice**[*]

In this consolidated case, the tax sale purchasers of three condominium units brought actions to quiet title following the tax debtor's failure to pay ad valorem taxes on the units. The district court found the tax sale purchasers had provided insufficient notice of the right to redeem to the mortgagee for the units, denied the petitions to quiet title, and afforded the defendant mortgagee thirty days to redeem the properties. A majority of the court of appeal affirmed on different grounds, finding that the failure of the tax collector to provide post-sale written notice of the tax sale to the mortgagee required the tax sales to be set aside, whether or not the tax sale purchaser had effected such post-sale notice on the mortgagee. Essentially the court held that a private actor could not duly notify an interested party of its redemption rights, but that the tax collector itself, lest the tax sale be deemed null

---

[*] Retired Judge Walter James Rothschild, assigned as Justice ad hoc, sitting for Hughes, J., recused.

1

and void, must effect such post-sale notice given the mandatory language of the statute. Thus, the issue presented is whether the post-sale notice required by La. Rev. Stat. 47:2122(4) may be effectuated either by the tax collector under La. Rev. Stat. 47:2156(B) or by the tax sale purchaser under La. Rev. Stat. 47:2156(A). We granted the writ application to answer this narrow question under the 2008 revisions to Title 47 of the Louisiana Revised Statutes governing the collection of ad valorem taxes, more specifically the statutes governing tax sales and redemptions, La. Rev. Stat. 47:2141 et seq. After our review of the applicable statutes, we find the court of appeal erred in finding the failure of the tax collector, though mandated to do so by La. Rev. Stat. 47:2156(B), to mail or attempt to mail post-sale written notice of the tax sales to the mortgagee required the tax sales to be set aside. Instead, we find the plain language of the governing statutes allows post-sale notice to the interested tax party to be provided by a tax sale purchaser in accordance with La. Rev. Stat. 47:2156(A), and thus the requirement that the interested party must be duly notified of the tax sale under La. Rev. Stat. 47:2122(4) could be satisfied by the tax sale purchaser. Accordingly, we reverse the judgment of the court of appeal, and remand the case to that court for consideration of the issues pretermitted by the court of appeal's reasoning.[1]

FACTS AND PROCEDURAL HISTORY

The underlying facts relevant to our decision today are not in dispute. The subject properties, Units 13, 14, and 15, were owned by Fairway Gardenhomes, L.L.C. ("Fairway"), and located in Covington, Louisiana. In January 2009, the mortgagee, Resource Bank, granted a loan to Laporte Family Properties, L.L.C.

---

[1] The court of appeal majority declined to consider whether the notices provided by the tax sale purchaser to the mortgagee were reasonable. Furthermore, neither the district court nor the court of appeal reached the constitutional issues raised by the mortgagee as to whether procedural violations in noticing the tax sale, such as the lack of pre-sale notice, may void the tax sale.

2

("Laporte"), which was secured by a mortgage covering the subject properties. The mortgage was recorded in the St. Tammany Parish public records on January 9, 2009.

In 2009, Fairway failed to pay the ad valorem taxes due on the three properties. As a result of the tax delinquency, a tax sale was conducted by the Sheriff and Ex-Officio Tax Collector for St. Tammany Parish (the tax collector) on June 23, 2010. The properties were sold to tax sale purchasers, Central Properties ("Central") and Husker Partners/U.S. Bank, d/b/a Husker Partners ("Husker"), for the amount of taxes, interest, and costs due on each condominium unit. Individual tax sale certificates were issued to Central for unit 14, and Husker for units 13 and 15.

The tax sale certificates, recorded in the St. Tammany Parish public records on July 8, 2010, stated the owner, Fairway, had three years from the date of recordation, or until July 8, 2013, to redeem the subject properties. The tax sale certificates did not refer to the mortgagee's, Resource Bank's, interests in the subject properties. The tax collector mailed pre-sale and post-sale notices to Fairway, but those notices were returned unclaimed. The parties stipulated the tax collector did not send any pre-sale or post-sale notices to the mortgagee, Resource Bank.

On October 25, 2012, through certified and regular First Class mail, the tax sale purchasers, Central and Husker, mailed multiple notices of the right to redeem the tax sales of the properties to Fairway, Laporte, and Resource Bank. Fairway and Laporte each received by certified mail the notices of the right to redeem, through their registered agent for service of process, Leroy J. Laporte, Jr., on October 29, 2012. The return receipts for right to redeem notices sent to Resource

3

Bank were signed by a person with the initials "JL" on October 27, 2012, and the notices were mailed to Resource Bank's main office address as noted on the recorded mortgage documents. Resource Bank, however, disputed receipt of the notices and denied there was any employee working at Resource Bank in 2012 who had the initials of "JL".

None of the subject properties was timely redeemed by the July 8, 2013 deadline for redemption. Thereafter, on December 18, 2013, Central and Husker filed petitions to quiet their tax titles on the properties, alleging Fairway, Laporte, and Resource Bank were all duly notified of their statutory rights to redeem the subject properties more than six months prior to the expiration of the three-year redemptive period. Resource Bank timely answered the petitions and filed reconventional demands against Central and Husker, seeking to invalidate the tax sale certificates as nullities due to the lack of pre-sale notices, as well as insufficient or unreasonable post-sale notices of its right to redeem. Resource Bank further alleged that, to the extent the 2008 revision to the law governing tax sale notices may have limited its right to annul the sales for lack of pre-sale notice, the law was unconstitutional.

At the bench trial, the parties entered certain stipulations, including that: (1) the subject properties had not been timely redeemed, (2) Resource Bank made no formal statutory request for notice, and (3) no pre-sale notice of either the tax delinquencies or tax sales was given to Resource Bank. Thereafter, the district court concluded Central and Husker's post-sale notices of the right to redeem mailed to Resource Bank were insufficient. The district court, as the court of appeal majority acknowledged, seemingly focused on the credibility of Resource

4

Bank's vice president's testimony that there was no record of the notices ever being received by Resource Bank. Specifically, the district court reasoned:

> [T]he Court is of the opinion that notice was not sufficient in this case. Specifically, the Court gave great consideration to the property rights held by Resource Bank through its security interest evidenced by the mortgage. Bearing in mind that the state of the law at the time required no pre-sale notice be given, the Court feels that Plaintiffs' efforts to notify Defendants of the tax sale and redemption were not reasonable. Though Plaintiffs had no duty to seek out Resource Bank's registered agent, that person's identity was easily discoverable either online or by a simple phone call. The Court also found the testimony of Mr. Ferrer persuasive as to lack of notice. The Court is of the opinion that the initials "J.L." – and nothing else – as is displayed on the return receipts of the notice letters, could be used just as easily to prove that the letters were not received by Resource Bank. Therefore, the Court attaches little or no weight to the "green cards" in the record as evidence of notice.

The district court declined to make a ruling on the constitutionality of the 2008 revision as it related to the lack of pre-sale notification to Resource Bank. Ultimately, the district court denied Central and Husker's petitions to quiet tax title and allowed Resource Bank thirty days to redeem the subject properties. [2]

---

[2] As the district court noted, at the time of the tax sale in 2010, La. Rev. Stat. 47:2153(A) did not require Resource Bank to be notified of the delinquency or tax sale, unless it was a "tax notice party." Prior to the 2012 revision, La. Rev. Stat. 47:2153(A) provided for notice of the delinquency and the tax sale to each "tax notice party." A "tax notice party" is defined in La. Rev. Stat. 47:2122(16), as the tax debtor and any person requesting notice pursuant to La. Rev. Stat. 47:2159, which provides that any person may request that all notices that are sent to a tax debtor also be sent to the requesting person. According to La. Rev. Stat. 47:2159, "[a] mortgage holder who has requested notice and paid the fee shall receive notices until such time that the tax collector receives notice of the cancellation of the mortgage inscription." Resource Bank did not request such notice, and thus was not a "tax notice party" within the meaning of the statute. Some courts have held that the mortgagee does not waive its right to prior notice of the tax sale by failing to request notice of delinquency. At any rate, the legislature makes a distinction between a "tax notice party" and a "tax sale party." Under La. Rev. Stat. 47:2122(19), a "tax sale party" is "the tax notice party, the owner of property, including the owner of record at the time of the tax sale, as shown in the conveyance records of the appropriate parish, and any other person holding an interest, such as mortgage, privilege, or other encumbrance on the property, including a tax sale purchaser, as shown in the mortgage and conveyance records of the appropriate parish." Thus Resource Bank is a "tax sale party" within the meaning of the statute.

As amended in 2012, La. Rev. Stat. 47:2153(A)(1)(a) now requires the tax collector to send by certified mail, return receipt requested, written notice to each tax sale party when the tax debtor has not paid the taxes imposed on the property, that the taxes must be paid within twenty days of the notice or before the tax sale is scheduled, or the tax sale title will be sold according to law. La. Rev. Stat. 47:2153(C)(1), as revised, provides in pertinent part: "In the absence of actual notice of the sale to a tax sale party … including a transferee, or the demonstration of a

5

Central and Husker suspensively appealed, maintaining the district court legally erred when it focused on whether Resource Bank had actually received the post-sale notices of the right to redeem. Resource Bank answered the appeal, challenging the district court's failure to grant its reconventional demands seeking to annul the tax sales on the basis it was undisputed Resource Bank was not given any pre-sale notice. Further, Resource Bank argued that Central and Husker's efforts to provide post-sale notice of Resource Bank's right to redeem were unreasonable or insufficient. Central and Husker maintained on appeal that, under the 2008 statutory revision, which became effective January 1, 2009, any issues with pre-sale notice requirements may be cured by the sending of post-sale redemption notices. Resource Bank countered that, if the 2008 revision is interpreted to have eliminated pre-sale notice requirements for mortgagees, the revision violates due process of law. Resource Bank further argued that post-sale notice of the right to redeem cannot cure the lack of pre-sale notice.

The court of appeal majority affirmed the district court's judgment, but did not do so based on any of the arguments made by the parties. *Central Properties v. Fairway Gardenhomes, LLC*, 16-0111 (La. App. 1 Cir. 9/16/16), 204 So.3d 240. Instead, with regard to post-sale notice, the court relied on La. Rev. Stat. 47:2156, entitled "Post-sale notice," which requires that the post-sale notice be sent by the tax collector to tax sale parties, including any mortgagees identified in the public records, so long as the mortgagee's interest was filed prior to the filing of the tax sale certificates. The majority focused on La. Rev. Stat. 47:2156, and the version effective at the time of the 2010 tax sales provided in pertinent part:

reasonable effort to provide notice, where the name and address of the tax sale party were reasonably ascertainable …, the tax collector shall cancel the sale of the property and refund the tax sale purchaser the tax sale purchase." Thus, Resource Bank, as the holder of a mortgage as shown in the mortgage and conveyance records of St. Tammany Parish, is a tax sale notice party and would be entitled to notice of the tax sale under La. Rev. Stat. 47:2153(A), as amended in 2012.

6

A. Within the applicable redemptive period, the tax sale purchaser may send a written notice to any or all tax sale parties notifying the parties of the sale. …

B. For each property for which tax sale title was sold at tax sale to a tax sale purchaser:

(1) If the redemptive period is greater than two years, each January or as soon as practical thereafter, **each tax collector shall send a written notice by United States mail, postage prepaid, to each tax notice party and each tax sale party whose interest would be shown on a thirty-year mortgage certificate** in the name of the tax debtor and whose interest was filed prior to the filing of the tax sale certificate that tax sale title to the property has been sold at tax sale.

* * *

(2) The notice shall be given until the end of the applicable redemptive period. ... [Emphasis added.]

The majority noted that Resource Bank's mortgage interest was recorded well before the filing of the tax sale certificate and that the tax collector had not mailed or attempted to mail the mandatory post-sale written notice of the tax sales to Resource Bank, who was a tax sale party within the meaning of La. Rev. Stat. 47:2122(19). Because the tax collector failed to provide the mandatory post-sale notices to Resource Bank, the majority found that Resource Bank had a valid ground to have the tax sales nullified based on that omission. The majority cited La. Rev. Stat. 47:2286, which provides that "[n]o tax sale shall be set aside except for a … redemption nullity … [and] the action may be brought as a reconventional demand … in an action to quiet title …," which Resource Bank did in this case. Because Resource Bank was not "duly notified" by the tax collector as mandated by La. Rev. Stat. 47:2156, the majority found the tax sales were null, reasoning that the mortgagee was not afforded its right to due process. The court of appeal majority found the notice given by the tax sale purchaser was simply optional and implicitly concluded that, even if such notice was sufficient and reasonable, it would not satisfy the requirements of due process.

7

We granted writs to review the correctness of that holding. *Central Properties v. Fairway Gardenhomes, LLC*, 16-1855, 16-1946 (La. 1/9/17), 214 So.3d 857, 860.

DISCUSSION

The issue presented is whether post-sale notice to a tax sale party effected by a private party, the tax sale purchaser under La. Rev. Stat. 47:2156(A), in the absence of the post-sale notice required to be made by the tax collector under La. Rev. Stat. 47:2156(B), satisfies the requirement that the interested party be duly notified of the tax sale under La. Rev. Stat. 47:2122(4). The plaintiffs argue the 2008 revision of the statutory scheme governing tax sales created a system in which failure by the tax collector to give the requisite post-sale notice of the tax sale to any interested party is a relative nullity capable of being cured by notice provided by the tax purchaser. The defendant mortgagee does not address that argument, but instead maintains the post-sale notices provided by the tax sale purchasers were insufficient and that their efforts in notifying the mortgagee were not reasonably calculated to apprise it of the tax sale and its redemptive rights within the deadline prior to the expiration of the redemptive period, an issue the appellate court majority never reached. For the reasons set forth below, we find notice of the tax sale to the mortgagee effected by the tax sale purchaser satisfies the required notice.

It is well-settled that, under the Fourteenth Amendment to the United States Constitution and La. Const. art. I, § 2, deprivation of property by adjudication must be preceded by notice and opportunity to be heard appropriate to the nature of the case. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656-57, 94 L.Ed. 865 (1950); *Tietjen v. City of Shreveport*, 09-2116, pp. 4-5

8

(La. 5/11/10), 36 So.3d 192, 194-95; *Smitko v. Gulf South Shrimp, Inc.*, 11-2566, p. 8, (La. 7/2/12), 94 So.3d 750, 755-56. In *Mullane*, the Supreme Court established that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. at 314, 70 S.Ct. at 657; *see also C & C Energy, L.L.C v. v. Cody Investments, L.L.C.*, 09-2160, pp. 6-7 (La. 7/6/10), 41 So.3d 1134, 1138; *Tietjen*, 09-2116, p. 5, 36 So.3d at 195; *Hamilton v. Royal Int'l Petroleum Corp.*, 05-846, p. 9 (La. 2/22/06), 934 So.2d 25, 32.

In *Mennonite Bd. of Missions v. Adams*, the Supreme Court recognized the sale of property for nonpayment of taxes is an action affecting a property right protected by the Due Process Clause of the Fourteenth Amendment. 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983). In *Mennonite*, the mortgagee of a property contested a tax sale that occurred after the homeowner had failed to pay her property taxes. 462 U.S. at 794, 103 S.Ct. at 2709. The mortgagee was not provided notice of the homeowner/mortgagor's delinquent payment of the taxes or the subsequent tax sale. *Id.* The Supreme Court held that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale" and therefore "is entitled to notice reasonably calculated to apprise him of a pending tax sale." *Id.* at 798, 103 S.Ct. at 2711. The Supreme Court stated: "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Id.* at 800, 103 S.Ct. at 2712.

9

Because the mortgagee was not afforded its constitutional right to due process, the Supreme Court reversed the decision that upheld the tax sale. *Id.*

Article VII, Section 25(A) of the Louisiana Constitution of 1974 requires the tax collector to provide notice "in the manner provided by law" of the tax delinquency and the tax sale to all owners of record of any interest in the property. *Lewis v. Succession of Johnson*, 05-1192 (La. 4/4/06), 925 So.2d 1172; *C & C Energy*, 09-2160, p. 7, 41 So.3d at 1139; *Smitko*, p. 9, 94 So.3d at 756.[3]

As an initial matter, we confine our review to the statutes in effect at the time of the tax sale in 2010. As explained below, and noted elsewhere, the law governing the payment and collection of property taxes, tax sales, and adjudicated property, in particular the manner by which the requisite constitutional notice is effected, was substantively revised by the legislature in 2008 by La. Acts, No. 819, effective January 1, 2009. Act 819 of 2008 re-enacted Chapter 5 of Subtitle III of Title 47 of the Louisiana Revised Statutes, and that law has since been amended several times. As the lower courts recognized, it is the language in effect at the time of the tax sale in 2010 that applies to this sale, and that we consider today.

The interpretation of any statutory provision starts with the language of the statute itself. *Oubre v. La. Citizens Fair Plan*, 2011-0097 (La. 12/16/11), 79 So.3d 987, 997. When the provision is clear and unambiguous and its application does not lead to absurd consequences, the language must be given effect, and the

---

[3] As explained below, the legislature changed the law in 2008 with regard to the manner by which notice of delinquencies in immovable property taxes must be provided in compliance with La. Const. art. VII, § 25. *Smitko*, for example, analyzed the law prior to the 2008 amendment, namely former La. Rev. Stat. 47:2180. Under the former law, "in order to give property owners reasonable notice so as not to deprive them of constitutionally protected property rights, the tax collector [was] required to provide 'each taxpayer' with written notice, sent by certified mail return receipt requested, alerting each record owner of the immovable property that the owner's failure to pay the taxes within twenty days will result in the sale of the property." *Smitko*, pp. 10-11, 94 So.3d at 757 (quoting *C & C Energy*, 09-2160, p. 7, 41 So.3d at 1139). Failure to provide this notice was deemed fatal to a tax sale. *Id.* (relying on *Lewis*, 05-1192, pp. 8-9, 925 So.2d at 1177, and *C & C Energy*, 09-2160, pp. 6-7, 41 So.3d at 1139)).

provision must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. Civ. Code art. 9; La. Rev. Stat. 1:4. Although the Official Revision Comments connected with statutes are not the law, they can be useful in determining legislative intent. *Arabie v. CITGO Petroleum Corp.*, 10-2605 (La. 3/13/12), 89 So.3d 307, 312.

The purpose of Act 819 of 2008, as set forth in La. Rev. Stat. 47:2121(A), is to encourage the payment and efficient collection of property taxes, satisfy the requirements of due process, provide a fair process for the redemption of tax sale property, and encourage the return of such properties to commerce. Under the amended law, when a property owner fails to pay ad valorem property taxes, the parish, through its tax collector, has a lien by operation of law against the property for the unpaid taxes. La. Rev. Stat. 47:1993(G)("[T]he day the [tax] roll is filed in the recorder's office, it shall as act as a lien upon each specific piece of real estate thereon assessed, which shall be subject to a legal mortgage after the thirty-first day of December of the current year for the payment of the tax due on it…."). Under the tax sale laws as amended in 2008, the tax collector no longer auctions the real estate itself; instead, the tax collector auctions a tax sale title to the property, as evidenced by a tax sale certificate per La. Rev. Stat. 47:2155, which neither transfers nor terminates the property interest of any person in the property. *See* La. Rev. Stat. 47:2121(B)("No tax sale shall transfer or terminate the property interest of any person in tax sale property or adjudicated property until that person has been duly notified and … the redemptive period … [has] terminated."; La. Rev. Stat. 47:2121(C)("A tax sale title confers on the tax sale purchaser … only tax sale title. If the tax sale property is not redeemed within the redemptive period, then at the termination of the redemptive period, tax sale title transfers to its holder ownership of the tax sale property…."). A "tax sale title" is defined as "the set of

11

rights acquired by a tax sale purchaser … pursuant to this Chapter." La. Rev. Stat. 47:2122(22). Thus, we recognize the term "tax sale" actually denotes that it is the tax lien that is purchased in the form of a tax sale title, albeit with future rights of ownership after due notice to all "tax sale parties" and the expiration of the redemptive period, as well as the filing of a suit to quiet title. *See, generally,* Comment, *Louisiana Tax Sales: A Mystery Unraveled*, 41 S.U. Law Rev. 345 (2014).

The majority below found the tax sales at issue were required to be set aside because the tax collector had not mailed or attempted to mail post-sale written notice of the tax sales to the mortgagee, Resource Bank, as required by La. R.S. 47:2156(B). Because such notice was mandatory under the language of the statute, the majority found it irrelevant that the tax sale purchaser, a private party, had actually sent notice in compliance with the statute. We disagree with such reasoning, because the plain language of the applicable statute provides that post-sale notice provided by a tax sale purchaser to an interested party in accordance with La. Rev. Stat. 47:2156(A) satisfies the requirement that the interested party be duly notified of the tax sale under La. Rev. Stat. 47:2122(4).

Under the 2008 revisions to the tax sale laws, there are three grounds to nullify a tax certificate sale: "No tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities." La. Rev. Stat. 47:2286. The type of nullity at issue in this case is the redemption nullity, which refers to the right of a person to annul a tax sale in accordance with La. Rev. Stat. 47:2286 "because he was not duly notified at least six months before the termination of the redemptive period." La. Rev. Stat. 47:2122(10).

12

The 2008 revision of Title 47 provides that an interested person is "duly notified" in accordance with La. Rev. Stat. 47:2122(10) when "an effort meeting the requirements of due process of law has been made to identify and to provide that person with a notice that meets the requirements of R.S. 47:2156, 2157, 2206, 2236, or 2275 ... regardless of ... [w]hether the effort resulted in actual notice to the person[,] [or] [w]hether the one who made the effort was a public official or a private party." La. Rev. Stat. 47:2122(4). In pertinent part, La. Rev. Stat. 47:2156 provides:

> A. Within the applicable redemptive period, the tax sale purchaser may send a written notice to any or all tax sale parties notifying the parties of the sale. The notice shall provide full and accurate information necessary to contact the tax sale purchaser, including the name, physical address, and telephone number of the purchaser. It shall be accompanied by a copy of the tax sale certificate received by the tax sale purchaser under the provisions of this Part and copies of the documents that the purchaser received with that sale. The notice shall inform the tax sale parties that the failure to redeem the property prior to the expiration of the applicable redemptive period will terminate the right to redeem the property, and the purchaser will have the right to seek confirmation of the tax title and take actual possession of the property. The notice shall be sufficient if it is in the form set forth in Subsection B of this Section.

> B. For each property for which tax sale title was sold at tax sale to a tax sale purchaser:

> (1) If the redemptive period is greater than two years, each January or as soon as practical thereafter, each tax collector shall send a written notice by United States mail, postage prepaid, to each tax notice party and each tax sale party whose interest would be shown on a thirty-year mortgage certificate in the name of the tax debtor and whose interest was filed prior to the filing of the tax sale certificate that tax sale title to the property has been sold at tax sale.

> (2) If the redemptive period is two years or less, within thirty days after filing a tax sale certificate to a third party, and thereafter each January and June or as soon thereafter as practical, each tax collector shall send a written notice by United States mail, postage prepaid, to each tax notice party and each tax sale party whose interest would be shown on a thirty-year mortgage certificate in the name of the tax debtor and whose interest was filed prior to the filing of the sale that tax sale title to the property has been sold at tax sale.

13

(3) The notice shall be given until the end of the applicable redemptive period. The notice shall specify the property upon which the taxes are delinquent, the amount of taxes due, and the manner in which the property shall be redeemed and shall be sufficient if [set forth in accordance with the statutory form].

Although the court of appeal majority rightly noted La. Rev. Stat. 47:2156(B) uses the mandatory "shall" in setting forth the requirements of the post-sale notice that must be provided by the tax collector to interested parties, the court below ignored the clear language in La. Rev. Stat. 47:2122(4), which provides that an interested party may be duly notified through post-sale notice that meets the requirements of La. Rev. Stat. 47:2156, regardless of whether such notice is effectuated by a public official or a private party. The majority, in finding the tax collector's failure to provide the requisite notice to Resource Bank rendered the tax sale void, fashioned a remedy for such failure that was not specifically provided for in La. Rev. Stat. 47:2122(4), which explicitly states that it is irrelevant whether the requisite post-sale redemption notice is provided by "a public official or a private party," that is, regardless of whether the post-sale notice is provided by the tax collector under Subsection 2156(B) or the tax sale purchaser under Subsection 2156(A). The majority went astray in not harmonizing these provisions and not effectuating the legislature's intent to adopt a statutory scheme under which the failure of the taxing authority to give notice to an interested party under La. Rev. Stat. 47:2156(B) is a relative nullity capable of being cured by post-sale notice provided by the tax sale purchaser under La. Rev. Stat. 47:2156(A). The intent of the legislature is revealed in the 2008 Official Revision Comments to La. Rev. Stat. 47:2156, which provide: "To the extent that a person is duly notified pursuant to other provisions of this Chapter and fails to take action in the applicable time period, the failure to give the notices provided in this Section do

14

not give rise to an action based on a redemption nullity." La. Rev. Stat. 47:2156-Cmt. (f). The legislative intent is mirrored in La. Rev. Stat. 47:2121(D), which provides in pertinent part:

> Except for acts or omissions that result in redemption or payment nullities, none of the provisions in this Chapter concerning notices or procedures required in connection with a tax sale provide a ground for nullifying: (1) The tax sale; (2) The transfer at the end of the redemptive period of the ownership of the property to which the tax sale title has been issued; (3) The transfer or termination of any duly notified person's interest in the tax sale property…."

Another Louisiana appellate court has reached a similar conclusion as we do today. In *Adair Asset Management, LLC v. Turney*, 50,574 (La.App. 2 Cir. 5/4/16), 195 So.3d 501, the appellate court interpreted the 2008 revision, including the provisions of La. Rev. Stat. 47:2156, and held that no redemption nullity occurred with respect to the tax sale of certain immovable property where the tax sale purchaser mailed post-sale redemption notices to all interested parties prior to expiration of the redemptive period in accordance with La. Rev. Stat. 47:2156(A). There, the trial court held the tax sales at issue were null and void based upon the failure of the taxing authority to provide proper pre-sale notice to all interested parties in violation of the constitutional due process guarantees set forth in *Mennonite*. In the *Adair Asset Management* case, the record was not clear who had provided the post-sale notice, whether it was the tax collector or the tax sale purchaser. Notwithstanding the possibility the tax collector had failed to provide post-sale notice to the interested parties as required by La. Rev. Stat. 47:2156(B), the court held the tax sales were valid, reasoning: "According to [S]ubsection 2122(4), it does not matter who sends the notice, public official or private party.... Therefore, any deficiency in the notices sent by the City was, in effect, 'cured' by the [post-sale] notices sent by [the tax sale purchaser]." *Adair Asset Management,*

*LLC*, 195 So.3d at 511. The court reasoned that La. Rev. Stat. 47:2156(A) "supplies tax sale purchasers with the option to safeguard their purchase from nullity by allowing them to send post-sale notice of the right to redeem to interested parties, at least six months before the expiration of the redemption period." *Adair Asset Management, LLC*, 195 So.3d at 511.

CONCLUSION

For the reasons above, we find that, under the 2008 legislative revision governing tax sales and redemptions, La. Rev. Stat. 47:2141 *et seq.*, the court of appeal erred in finding the failure of the tax collector, albeit mandated to do so by La. Rev. Stat. 47:2156(B), to mail or attempt to mail post-sale written notice of the tax sales to the mortgagee required the tax sales to be set aside. Instead, we hold that, under the language of the applicable statutes, post-sale notice to the interested tax party may be effectuated by a tax sale purchaser in accordance with La. Rev. Stat. 47:2156(A), and thus the requirement that the interested party must be duly notified of the tax sale under La. Rev. Stat. 47:2122(4) may be satisfied by the tax sale purchaser. Accordingly, we reverse the judgment of the court of appeal and remand the case to that court for consideration of the pretermitted issues.

REVERSED AND REMANDED

**SUPREME COURT OF LOUISIANA**

**No. 2016-C-1855**

**CONSOLIDATED WITH**

**No. 2016-C-1946**

**CENTRAL PROPERTIES VS.
FAIRWAY GARDENHOMES, LLC, ET AL.**

**CONSOLIDATED WITH**

**HUSKER PARTNERS/US BANK D/B/A HUSKER PARTNERS
VS. FAIRWAY GARDENHOMES, LLC, ET AL.**

**CONSOLIDATED WITH**

**HUSKER PARTNERS/US BANK D/B/A HUSKER PARTNERS
VS. FAIRWAY GARDENHOMES, LLC, ET AL.**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF ST. TAMMANY**

**JOHNSON, Chief Justice, dissents and assigns reasons.**

I respectfully dissent, finding the majority errs in holding post-sale notice to an interested tax party can be effectuated by a tax sale purchaser.

La. R.S. 47:2156 sets forth the requirements for post-sale tax notice and provides, in pertinent part:

> B. (1) For each property for which tax sale title was sold at tax sale to a tax sale purchaser, **each collector shall** within thirty days of the filing of the tax sale certificate, or as soon as practical thereafter, **provide written notice** to the following persons that tax sale title to the property has been sold at tax sale. The notice shall be sent by postage prepaid United States mail to each tax notice party and each tax sale party whose interest would be shown on a thirty-year mortgage certificate in the name of the tax debtor and whose interest was filed prior to the filing of the tax sale certificate.

In this case, Resource Bank was not duly notified by the *tax collector* as mandated by the statute. In my view, the mandatory language in La. R.S. 47:2156, requiring

1

an official *tax collector* to provide notice, cannot be satisfied through notice provided by the tax purchaser, a private entity.

For this reason, I would affirm the ruling of the court of appeal, declaring the tax sales null and void for want of due process.