| SIDE BY SIDE REDEVELOPMENT, INC. | * | NO. 2020-CA-0667 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| RONALD MAGEE AND/OR HIS SUCCESSION; | * | FOURTH CIRCUIT |
| GWENDOLYN M. ESTEEN AND/OR HER SUCCESSION; | STATE OF LOUISIANA |
| & ADAM SALUP AND/OR HIS SUCCESSION | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-07712, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins)


Julius C. Ford
LAW OFFICE OF J. CHRISTOPHER FORD, LLC
927 Kerlerec Street
New Orleans, LA 70116

      COUNSEL FOR PLAINTIFF/APPELLANT

Wesley M. Plaisance
BREAZEALE, SACHSE & WILSON, L.L.P.
909 Poydras Street , Suite 1500
New Orleans, LA 70112
-AND-
Laura S. Achord
300 Washington St., Suite 210
Monroe, LA 71201


      COUNSEL FOR DEFENDANT/APPELLEE


            **AFFIRMED**
      **JUNE 23, 2021**

EAL

JFM

SCJ

Appellant Side By Side Redevelopment, Inc. ("SBS"), seeks review of the September 17, 2020 judgment of the district court, granting the motion for summary judgment of Appellee Adam Salup, finding him to be the sole owner of property he purchased at tax sale in Orleans Parish. Pursuant to our *de novo* review, we affirm the judgment of the district court, finding no genuine issues of material fact exist as to whether the tax sale was valid and that Mr. Salup is entitled to judgment as a matter of law.

**Facts and Procedural History**

The instant appeal involves an ownership dispute between the parties, who are two tax sale purchasers of the same property in New Orleans. The validity of the second tax sale to Mr. Salup is the subject of the motion for summary judgment at issue.

Siblings Ronald Magee and Gwendolyn Magee Esteen inherited property located at 3700 Milan Street and/or 4207 S. Tonti Street (hereinafter "the Property"), from their parents, Willie Magee and Dorothy Chriss Magee, by separately rendered Judgments of Possessions. The Property was sold by the Tax

1

Collector for the City of New Orleans to SBS for unpaid *ad valorem* taxes in 2003. The tax sale certificate was executed in 2004, and recorded in the Orleans Parish conveyance records on March 3, 2004. SBS later obtained a Judgment of Possession on the Property.

By 2014, however, SBS became delinquent in paying *ad valorem* taxes on the Property. On December 19, 2014, Archon Information Systems, LLC ("Archon"), on behalf of the Tax Collector for the City of New Orleans, issued notice to SBS by U.S. Mail of the tax delinquency for years 2012 through 2014 and of an impending tax sale.

Months later, at a tax sale held on March 10, 2015, Mr. Salup acquired tax sale title to the Property. The tax sale certificate, dated April 8, 2015, was recorded in the Conveyance Records on April 29, 2015. Property sold at tax sale "shall be redeemable for three years after the date of recordation of the tax sale by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption." La. Const. Art. VII, Sect. 25(B)(1). Thus, the three-year redemptive period terminated on April 29, 2018.

On June 24, 2015, Archon, on behalf of the Tax Collector, issued post-tax sale notice to SBS by U.S. Mail, alerting it that a tax sale occurred where Mr. Salup acquired tax sale title to the Property and further advising SBS of its redemption rights.

Following the recordation of Mr. Salup's tax sale certificate and prior to the expiration of the three-year redemptive period, in August 2016, SBS filed a verified "Petition to Quiet Title and Annul Tax Sale," seeking to annul the tax sale to Mr. Salup. SBS named Mr. Magee, Ms. Esteen, and Mr. Salup as defendants.

2

Mr. Salup responded by filing an Answer, Reconventional Demand, and Cross Claim, wherein he sought the dismissal of the petition of SBS, confirmation of his tax sale title and sole ownership of the Property.[1]  He further prayed for the legal description of the Property to be reformed to be consistent with the property description contained in the July 5, 2000 Judgment of Possession of Dorothy Chriss Magee.  Mr. Salup named SBS, Mr. Magee and Ms. Esteen as defendants to the Reconventional Demand and Cross Claim.

Thereafter, Mr. Salup moved to substitute himself as the party defendant for Mr. Magee and Ms. Esteen because they transferred their respective rights, title, and interests in the Property to him through quitclaim deeds they executed, respectively, in his favor. The district court granted the motion.

Mr. Salup later filed a motion for summary judgment, seeking to confirm his tax sale title and sole ownership of the property and forever enjoining and prohibiting SBS from claiming any right, title or interest in or to all or any portion of the Property.  In support of his motion for summary judgment, he submitted two affidavits, one executed by himself as well as an affidavit from Bryan Barrios, who is Archon's records custodian.

In Mr. Salup's affidavit, he attested to his acquisition of tax sale title to the Property by virtue of a tax sale conducted by Norman Foster, the Director of Finance and Ex-Officio Tax Collector for the City of New Orleans, on March 10, 2015.  He attached to his affidavit three exhibits:

- a certified copy of the recorded tax sale certificate dated April 8, 2015 and recorded in the Conveyance Records as Instrument Number 576122 on April 29, 2015;

---

[1] These pleadings were filed after the redemption period expired.

- a true and correct copy of the SBS tax sale deed recorded in the Conveyance Records as Conveyance Instrument Number 277815 on March 3, 2004; and

- a certified copy of the Louisiana Secretary of State's Records for SBS showing its registered address and registered agent, William W. Alden, for years 2013 through 2016.

He further attested that his tax sale title was not redeemed by SBS or any other person or entity within the three-year redemption period.

In Mr. Barrios' affidavit, he attested to Archon having contracted with the City of New Orleans to conduct the tax sale on March 10, 2015, as well as to notify interested parties of the properties scheduled for auction. He attested to Archon researching contact information for the interested parties, including SBS, using the Internet and public record searches. Further, he verified that Archon made phone calls and provided notice to interested parties, including SBS, of the tax sale by U.S. Mail. He attested to Archon advertising the 2015 tax sale in *The Times Picayune* on December 12, 2014, February 6, 2014, and March 6, 2015. Attached to Mr. Barrios' affidavit were two exhibits: the notice sent out by Archon, on behalf of the City of New Orleans, to SBS dated December 19, 2014, in care of Mr. Alden; and a notice dated June 24, 2015, mailed by Archon, on behalf of the City of New Orleans to SBS in care of Mr. Alden.

At an August 28 2020 hearing, the district court granted the motion holding that it found the "post-tax sale notice was sufficient to put Side by Side on notice of the tax sale." The district court later issued a September 17, 2020 judgment declaring Mr. Salup to be the sole owner of the Property. Moreover, the Court ordered that SBS was "enjoined and prohibited from claiming any right, title or interest in or to all or any portion of the Property." The Court further ordered,

4

"that should there be any difference between the legal description of the Property as it appears in the judgment[2] and the way it appears in Mr. Salup's Tax Sale Certificate, the Tax Sale Certificate is hereby reformed to mirror the legal description of the Property as set forth in this Final Judgment."[3]

SBS timely moved for a devolutive appeal.[4] It raises several assignments of error on appeal; however, the crux of this matter is whether the district court erred in granting Mr. Salup's motion for summary judgment, holding that he is the sole owner of the Property following a valid tax sale. Thus, we review the validity of the sale and whether any genuine issues of material fact exist. Lastly, we address

---

[2] The district court provided the following legal description on the Property in the judgment:

> A CERTAIN LOT OF GROUND, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the SIXTH DISTRICT of this City, in SQUARE NO. 776, (old Square 146), bounded by Milan, General Pershing, South Tonti and South Rocheblave, designated by the Letter "A", on a plan of survey by J.J. Krebs & Sons, C.E. & S., dated March 10,1947, annexed to act by Warren M. Simon, Notary Public, dated March 27, 1947, and made a part thereof, according thereto said Lot forms the comer of Milan and South Tonti Streets and measures twenty-seven feet, six inches four lines (27'6"4' ' ') front on Milan Street, same width in the rear, by one hundred twenty feet no inches no lines (120'0"0''') in depth and front on South Tonti Street. According to survey made by J.J. Krebs & Sons, dated May 18, 1965, copy annexed to act of Elmer D. Flanders, N.P., June 9, 1965, the hereinabove described property has the same location and dimensions as above set forth.
>
> The Improvements thereon bear Municipal No. 3700 Milan Street, and 4207 South Tonti Street.
>
> All in accordance with a plan of survey by Sterling Mandle, Land Surveyor, dated May 1, 1979, a copy of which is annexed hereto and made a part hereof.

[3] The judgment further reserved SBS's claim for compensation for necessary expenses.

[4] In September 2020, SBS requested written reasons for judgment. The district court issued its Reasons for Judgment in January 2021, explaining that it determined that Mr. Salup made a *prima facie* case that both pre-tax sale and post-tax sale notice were sent to SBS. The Court further reasoned that SBS did not produce factual support sufficient to establish the existence of a genuine issue of material fact or to establish that Mr. Salup was not entitled to judgment as a matter of law.

SBS's assignments of error pertaining to Ms. Salup's alleged defective tax title, and the district court's reformation of the legal description of the Property.

## Standard of Review

Appellate courts apply a *de novo* standard of review on motions for summary judgment, utilizing the same criteria applied by trial courts to determine whether summary judgment is appropriate. *Tiblier v. Boudauin*, 19-0816, p. 4 (La. App. 4 Cir. 3/4/20), 293 So.3d 1224, 1227 (citing *Richard v. Turner*, 09-0161, p. 4 (La. App. 4 Cir. 7/1/09), 16 So.3d 523, 525). Pursuant to La. Code Civ. Proc. art. 966(A)(3), "[a] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." In support of or in opposition to a motion for summary judgment, only the following documents may be filed: pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. Code Civ. Proc. art. 966 (A)(4). The burden of proof is on the mover. La. Code Civ. Proc. art. 966(D)(1). The burden then shifts to the adverse party "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

## Validity and Sufficiency of Pre-Tax and Post-Tax Sale Notice

SBS asserts that the district court erred by granting summary judgment when undisputed material facts reflect deficiencies in tax sale notices and procedures, as well as violations of procedural and substantive due process. Specifically, SBS avers that the following genuine issues of material fact exist in this matter:

6

- SBS was not duly notified prior to the 2015 tax sale and Mr. Salup failed to meet his burden of proof that it was;

- SBS did not receive actual notice of the tax sale;

- the pre-tax and post-tax sale notices were defective because the amount of taxes due was not stated in the notice;

- No written notice was sent to SBS within 90 days of the expiration of the redemptive period under La. Rev. Stat. 47:2156(B)(1)(b) and (B);

- The affidavit of Mr. Barrios was insufficient to establish that Archon's efforts met the requirements of due process of law in notifying SBS; and

- Notices were not sent by certified U.S. Mail as required under La. Rev. Stat. 47:2153.

At the summary judgment hearing and on appeal, Mr. Salup noted that similar arguments had previously been unsuccessfully raised by SBS in a factually similar but unrelated appeal: *Stow-Serge v. Side by Side Redevelopment, Inc.*, 20-0015 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, 74, *writ denied*, 20-00870 (La. 10/14/20), 302 So.3d 1120.[5] Mr. Salup relies heavily upon *Stow-Serge* because he contends it is dispositive of the due process issues raised in the instant appeal. We agree, for the reasons below, finding that SBS resurrects several legal issues this Court has already rejected.

In *Stow-Serge*, SBS purchased a piece of property in New Orleans at tax sale. The plaintiff, a later tax sale purchaser, acquired ownership in the same

---

[5] During the summary judgment hearing, counsel for Mr. Salup raised the applicability of *Stowe-Serge* to the instant matter. However, *Stow-Serge* was pending before the Supreme Court on writs at that time, which SBS noted in response. The Supreme Court denied writs in *Stow-Serge*, following the summary judgment hearing in this matter.

property. The plaintiff's tax sale certificate was executed and subsequently recorded in the conveyance records on October 27, 2014. *Id.*, 20-0015, p. 3, 302 So.3d at 74. Pre-tax and post-tax sale notices were mailed to SBS by Archon; however, the three-year redemptive period expired in 2017, without the property being redeemed. *Id.*, 20-0015, pp. 3-8, 302 So.3d at 74-78.

Thereafter, the plaintiff filed a Petition to Quiet Title and for Declaratory Judgment, naming SBS— the possessor and previous tax sale purchaser of the property— and other entities as defendants. SBS answered the petition and filed exceptions as well as a reconventional demand against the plaintiff and another defendant, Maritime Expert Services, another former tax sale purchaser of the property.[6] *Id.*, 20-0015, p. 3, 302 So.3d at 74-5.

Subsequently, the plaintiff filed a motion for partial summary judgment, seeking to quiet title, to be declared the sole owner of the Property, and to cancel the *lis pendens* filed by SBS. *Id.*, 20-0015, p. 4, 302 So.3d at 75. The district court granted the motion, which SBS appealed. *Id.* This Court converted the appeal to a supervisory writ application, which it denied. *Id.*, 20-0015, p. 1, 302 So.3d at 73. After *de novo* review, the *Stowe-Serge* Court reasoned that there was no genuine issue of material fact as to the validity of the tax sale where the redemptive period expired and SBS was duly notified of both the tax sale and the expiration of the redemptive period. *Id.*, 20-0015, pp. 8-9, 302 So.3d at 78.

In reaching its holding, this Court focused its review on the validity of the tax sale, essentially whether the federal and state due process requirements were

---

[6] Maritime later executed a quitclaim deed in favor of the plaintiff and was dismissed from the lawsuit with prejudice. *Id.*, 20-0015, p. 4, 302 So.3d at 75.

met. *Id.*, 20-0015, pp. 8-9, 302 So.3d at 78. The Court noted that the controlling statute at the time of the sale, La. Rev. Stat. 47:2121(C)(1), provided:

> A tax sale confers on the tax sale purchaser ... only tax sale title. If the tax sale title is not redeemed within the redemptive period, then at the termination of the redemptive period, tax sale title transfers to its holder ownership of the tax sale property, free of the ownership and other interest, claims, or encumbrances held by all duly notified persons....

The Court explained that the above statutory requirements adhered to "federal due process requirements" as it created "a two-step process in order for title of the property to transfer ownership: 1) expiration of the redemptive period; and 2) notification of all required persons." *Id.*, 20-0015, p. 4, 302 So.3d at 76.

Moreover, the *Stow-Serge* Court further explained that the term "tax sale" refers to a "'tax lien that is purchased in the form of [a] tax sale title, albeit with future rights of ownership after due notice to all 'tax sale parties' and the expiration of the redemptive period, as well as the filing of a suit to quiet title.'" *Id.* (quoting *Cent. Properties v. Fairway Gardenhomes, LLC*, 16-1855, p. 12 (La. 6/27/17), 225 So.3d 441, 449).

In his motion for partial summary judgment, the plaintiff attached a certified copy of the tax certificate, which this Court again recognized "is prima facie evidence of the regularity of all matters regarding the tax sale and the validity of the tax sale." *Id.*, 20-0015, p. 5, 302 So.3d at 76 (citing La. Rev. Stat. 47:2155(B)).[7] Thus, this submission was sufficient to shift the burden to SBS to establish the tax sale was invalid. *Id.*

---

[7] The tax sale certificate referenced in La. Rev. Stat. 47:2155 is a tax deed for purposes of Article VII, Section 25 of the Louisiana Constitution. La. Rev. Stat. 47:2155 (C).

9

We further reasoned that out of the three types of relative nullities that currently exist to nullify a tax sale, only the redemption nullity was applicable under the facts presented:

> Tax sales may no longer be attacked as absolute nullities. Instead, there are three statutorily enumerated challenges, which if proven, will nullify a tax sale certificate – a payment nullity,[8] redemption nullity, or a nullity under La. R.S. 47:2162. See La. R.S. 47:2286; *Cent. Properties*, 16-1855, p. 12, 225 So.3d at 449; *Alpha Capital US Bank v. White*, 18-827, p. 7 (La. App. 1 Cir. 12/21/18), 268 So.3d 1124, 1129 (citations omitted). All relative nullities are capable of being cured. *Alpha Capital US Bank, supra.*

*Id.*

A redemption nullity, which "is 'the right of a person to annul a tax sale in accordance with La. R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period,'" was the only type of challenge SBS could raise under the facts presented. *Id.* (quoting La. Rev. Stat. 47:2122(10)). To be duly notified, pursuant to La. Rev. Stat. 47:2122(4), means that:

> an effort meeting the requirements of due process of law has been made to identify [a particular person]; and to provide that person with a notice that meets the requirements of La. R.S. 47:2156, 2157, 2206, 2236, or 2275..., regardless of any of the following:
>
> > a) [w]hether the effort resulted in actual notice to the person,
> > b) [w]hether the one who made the effort was a public official or a private party.
> > c) [w]hen, after the tax sale, the effort was made.

---

[8] A "payment nullity" means a nullity arising from payment of taxes prior to a tax sale, including payment based on dual assessment." La. Rev. Stat. 47:2122 (8).

The *Stowe-Serge* Court found that the post-sale notice sent to SBS by Archon, adequately and timely informed it of its right to redeem and met the statutory requirements of La. Rev. Stat. 47:2156:

> The notice was mailed by first-class, pre-paid U.S. postage to "Side By Side Redevelopment, Inc. C/O William W. Alden" at 2930 Canal Street, Suite 401, New Orleans, Louisiana, which is the address registered with the Louisiana Secretary of State's Office. The post-tax sale notice included notice of the sale of 2320 Delachaise Street to Plaintiff for 2013 delinquent taxes. It listed the tax bill number 614322309 and recorded instrument number 04-16955. It further notified SBS of their right to redeem the property that would expire on October 27, 2017. It left a contact number for questions and an address and email address of a person with which they could redeem their property.
>
> Under these undisputed facts, an effort meeting the requirements of due process of law to provide notice in accordance with La. R.S. 47:2156 was made. Thus, SBS was duly notified of its redemptive rights in accordance with La. R.S. 47:2122(4).

*Id.*, 20-0015, pp. 6-7, 302 So.3d at 77 [internal footnotes omitted].

We find *Stowe-Serge* to be applicable to the instant appeal, as it addresses the primary assignments of error raised by SBS: the validity of the tax sale and whether SBS was duly notified.

In the matter *sub judice*, Mr. Salup attached a certified copy of the tax certificate to his motion, which is prima facie evidence of the regularity of all matters. La. Rev. Stat. 47:2155(B). This was sufficient to shift the burden to SBS to establish the sale was invalid, as discussed above. As noted in *Stowe-Serge*, tax sales can no longer be attacked as absolute nullities; therefore, SBS had to prove that a redemption nullity existed.[9]

---

[9] The other two types of relative nullities, a payment nullity and a nullity under La. Rev. Stat. 47:2162, are inapplicable under the facts of this matter. La. Rev. Stat. 47:2286.

As previously stated, a redemption nullity is the right of a person to annul a tax sale, under La. Rev. Stat. 47:2286, as a result of not being duly notified at least six months before the termination of the redemptive period. La. Rev. Stat. 47:2122(10). This definition underscores that SBS's assignments of error pertaining to defective pre-tax sale notice are immaterial to our review because the failure to give pre-sale notice to any party no longer renders the sale absolutely null under Title 47 since its revision in 2008. La. Rev. Stat. 47: 2121(D); *Alpha Capital US Bank v. White*, 18-0827, pp. 6-7 (La. App. 1st Cir. 12/21/18), 268 So.3d 1124, 1129.[10]

The redemptive period ended on April 29, 2018. Mr. Salup, in submitting Mr. Barrios' affidavit with a copy of the June 24, 2015 post-tax sale notice, established that SBS was timely notified through its agent, Mr. Alden, years before the redemptive period expired. The record reflects that the post-tax sale notice was sent to SBS via First Class U.S. Mail, referenced Tax Bill number 614248510, and property located at 3700 Milan St. The notice contained a warning that SBS could lose title to the Property resulting from the March 2015 tax sale. The notice further advised SBS that it could redeem the property within three years of April 29, 2015, by contacting the tax collector for the City of New Orleans at a number and address provided therein. Additionally, SBS's argument that there was no actual notice has no merit because actual notice is not required for a party to be "duly notified." La. Rev. Stat. 47:2122(4).

---

[10] The Louisiana Legislature has determined that "a tax sale can no longer be set aside for minor procedural violations in noticing the tax sale and in the conduct of the tax sale, etc." La. Rev. Stat. 47:2286, Comments 2008, (b).

In consideration of the evidence submitted by Mr. Salup as well as the failure of SBS to produce contrary documentary evidence or testimony to controvert what Mr. Salup presented and to establish a redemption nullity, we find that Mr. Salup carried his burden of proof and was entitled to judgment as a matter of law.[11]

SBS also argued in the instant matter, as it did in *Stow-Serge*, that the post-sale redemptive notice was deficient because it did not state the amount of taxes owed, as required by La. Rev. Stat. 47:2156(B), which provides in pertinent part:

> B. (1)(b)  For each property for which tax sale title was sold at tax sale to a tax sale purchaser, the tax collector shall within ninety days of the expiration of the redemptive period provide written notice to each tax notice party that tax sale title to the property has been sold at tax sale. The notice shall be sent by first class mail. The notice shall be sufficient if it is in the form set forth in Paragraph (2) of this Subsection.
>
> (2) The notice shall specify the property upon which the taxes are delinquent, the amount of taxes due, and the manner in which the property shall be redeemed . . .

In *Stow-Serge*, however, we reviewed the language of the statute, and its comments, concluding that the statute is actually directory despite using mandatory language:

> . . .While SBS suggests that Section La. R.S. 47:2156 (B)(2) sets forth mandatory requirements, it is clear from the language in the statute and the 2008 comments that La. R.S. 47:2156(B)(2) is directory in nature and provides a safe harbor for compliance with the statutory mandates.  Moreover, there is no penalty provided for failure to comply with the directives set forth in La. R.S. 47:2156 because it is not fatal to the legal sufficiency of the notice.

---

[11] SBS attached approximately 25 pages of exhibits to its opposition of the motion for summary judgment. None of the exhibits attached addressed whether SBS was duly notified of the tax sale and its redemption rights.

> Generally, statutes using mandatory language prescribe the result to follow (a penalty) if the required action is not taken. If the terms of the statute are limited to what is required to be done, i.e., procedural rules, then the statute is considered directory even though mandatory language is employed. *Marks v. New Orleans Police Dep't*, 06-0575, p. 10 (La. 11/29/06), 943 So.2d 1028, 1035 (citations omitted). Provisions designed to secure order, system, and dispatch by guiding the discharge of duties are usually construed as directory even if worded in the imperative. *Id.*, 06-0575, p. 11, 943 So.2d at 1035.

*Id.*, 20-0015, p. 8, 302 So.3d at 78.

We uphold this finding of the *Stow-Serge* Court in the instant matter. The omission of the amount of overdue taxes was not fatal to the post-tax notice. This assignment of error is without merit.

**Property Description Reformation and Discrepancies**

SBS further assigns as error the district court's reformation of the property description or tax title *sua sponte* in the Judgment,[12] without providing written reasons, and that the Property purchased by Mr. Salup is not the same property SBS owned due to differing property descriptions in the parties' respective tax sale certificates.

The record reflects that Mr. Salup specifically prayed for the district court to provide a more accurate description of the Property in his Answer, Reconventional Demand and Cross Claim; however, he did not seek such relief in his motion for summary judgment. Nevertheless, La. Code Civ. Proc. art. 1919 directs district courts to provide accurate property descriptions in final judgments in the interests of litigants and the public in general, which this Court has recognized:

> 'All final judgments which affect title to immovable property shall describe the immovable property affected with particularity.' La. C.C.P. art.1919; see also La.

---

[12] See Footnote 1.

14

> C.C.P. art. 2089 (Description required of immovable property affected by judgments or decrees). The judgment must include the legal description of a property, with reference to landmarks such as roads, benchmarks, or other monuments which can be located, or a survey commencing at some established point. *See Deano v. Brouillette*, 94-1856, p. 8 (La.App. 4 Cir. 11/16/95), 664 So.2d 1283, 1287; *Martin v. Brister*, 37,011, pp. 6-7 (La.App. 2 Cir. 7/23/03), 850 So.2d 1106, 1111 (internal citation omitted). The purpose of this requirement is 'to ensure that the public in general, and title examiners, successful litigants, officials charged with executions of judgments and surveyors in particular, accurately can deal with the immovable property.' *Deano*, 94-1856, p. 8, 664 So.2d at 1287 (internal citation omitted).

*Hooper v. Hero Lands Co.*, 15-0929, p. 26 (La. App. 4 Cir. 3/30/16), 216 So.3d 965, 980.

The description of the Property in Mr. Salup's tax sale certificate is imprecise, lacking reference to roads, benchmarks, monuments or other landmarks:

SQ 776 LOT A 27X120 1/2 RES & 1/2 COMM TAX
SALE 1/04

Considering the requirements set forth in *Hooper* and the lack of specificity of the property description in Mr. Salup's tax sale certificate, we find that the district court did not err in rendering a more particularized property description in its final judgment. This assignment of error is meritless.

Lastly, SBS's argument that Mr. Salup's tax sale certificate did not convey to him the same property SBS purchased at tax sale is also erroneous. SBS asserts the Property sold to Mr. Salup is not the same property SBS purchased, rather the parties' properties overlap because the tax sale certificates do not contain the same property description and the name of the property owners on Mr. Salup's certificate is incorrect.

15

As discussed above, the City of New Orleans conducted two respective sales for delinquent *ad valorem* taxes for Tax Bill Number 614348510. In SBS's Tax Sale Deed, the Property is identified by "Tax Bill Number 614348510" and lists Ms. Esteen as the owner. The Property is described as:

SQ 776 LOT A MILAN & 4207 S TONTI 27X120
RESIDENCE & STORE 1/2 RES & 1/2 COMM FILE
#80810 7/00 SUCN

In Mr. Salup's Tax Sale Certificate, the Property is also identified by Tax Bill Number 614348510 and as being in the name of "ESTEEN GWENDOLYN M ET AL C/O SIDE BY SIDE REDEVELOPMENT 4176 VINCENNES PL NEW ORLEANS, LA 70125." As previously noted, the property description states:

SQ 776 LOT A 27X120 1/2 RES & 1/2 COMM TAX
SALE 1/04

The property descriptions in both tax sale certificates are almost identical, with some wording omissions. The fact that there are some discrepancies, such as the omission of Milan and S. Tonti Streets, between the two tax sale certificates is not an indicator that different properties were purchased by the parties. This is especially true considering the tax bill number, square number, lot descriptions and dimensions on the certificates are the same. We note that omissions in the listing of owners and property descriptions occur in tax sale certificates. For instance, SBS's tax sale deed solely lists Ms. Esteen as the owner when, as stated previously, both she and Mr. Magee inherited and once owned the Property.

Despite a few inconsistencies, the Property is nevertheless identifiable by the same descriptions contained in the respective tax sale certificates. This assignment of error is meritless.

**DECREE**

Pursuant to our *de novo* review and for the foregoing reasons, we affirm the September 17, 2020 judgment of the district court, granting a motion for summary judgment in favor of Adam Salup.

**AFFIRMED**