| | | |
|---|---|---|
| **PRECEPT CREDIT** | * | **NO. 2021-CA-0502** |
| **OPPORTUNITIES FUND, L.P.** | | |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **PATRICK ELMORE, GINA** | | **FOURTH CIRCUIT** |
| **BUFORD ELMORE, AND** | * | |
| **JARAD ELMORE** | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-11383, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Pro Tempore Lynn M. Luker)

Mark J. Boudreau
James E. Uschold
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLEE


John A. E. Davidson
DAVIDSON & DAVIDSON, APLC
5000 West Esplanade Avenue
Suite A 284
Metairie, LA 70006

    COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**APRIL 20, 2022**

Appellants, Patrick and Gina Elmore (the "Elmores"), seek review of the trial court's June 25, 2021 judgment, which denied their motion for summary judgment and granted Precept Credit Opportunities Fund, LP's ("Precept") partial motion for summary judgment. Precept's exception of no cause of action was sustained and the tax sale was confirmed. For the reasons that follow, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying suit involves an action to confirm and quiet title to real estate filed by Precept, which sought confirmation of its tax sale title and sole ownership of the immovable property located at 1508 Westbrook Drive in New Orleans (the "Property").

On October 10, 2014, Archon Information Systems, LLC ("Archon"), on behalf of the Tax Collector for the City of New Orleans (the "City"), issued notice

1

to Patrick Elmore by U.S. Mail of the tax delinquency for 2012 through 2014 and of an impending tax sale.

On April 8, 2015, the title of the Property was sold by the City for unpaid ad valorem taxes in 2012, 2013, and 2014. The tax sale certificate was filed in the Orleans Parish conveyance records on April 20, 2015.

Thereafter, on June 24, 2015, Archon issued a post-tax sale notice to Patrick Elmore, informing that the tax title to the property was sold to Precept and further advising of his redemption rights. Approximately four months later, Precept sent post-tax sale notices to Patrick and Gina Elmore.

The property was not redeemed by the April 20, 2018 deadline for redemption. On November 13, 2018, Precept filed a petition to quiet title against the Elmores. Thereafter, the Elmores filed an answer and reconventional demand to annul the tax sale. On April 19, 2021, Precept filed an exception of no cause of action and motion for partial summary judgment, seeking to confirm its tax sale title and sole ownership interest in the property. The Elmores subsequently filed a motion for summary judgment, arguing that 1) the tax collector failed to provide prior notice to Gina Elmore, 2) Louisiana legislature amended La. R.S. 47:2153 to require the tax collector to cancel a tax sale where there is no actual pre-sale notice; 3) the failure to provide pre-sale notice to Gina Elmore violated due process rights; 4) the Louisiana Constitution specifically provides that the tax collector provides notice of the tax sale and the City had no authority to delegate the duty to

provide notice to third parties; and 5) the City should be ordered to cancel the tax sale.

A hearing on the exception of no cause of action and motion for summary judgment was held on June 18, 2021. On June 25, 2021, the trial court rendered its judgment denying the Elmores' motion for summary judgment, sustaining Precept's exception of no cause of action, and granting Precept's motion for partial judgment, declaring Precept as the full owner of the property, and dismissing the Elmores' reconventional demand with prejudice.

The Elmores filed a motion for suspensive appeal. This appeal follows.

## STANDARD OF REVIEW

"Appellate courts review summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Smith v. State*, 2018-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980 (quoting *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 2012-0095, p. 5 (La. App. 4 Cir. 8/28/13), 123 So.3d 787, 790). Therefore, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "'In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence.'" *Tran v. Collins*, 2020-0246, p. 3 (La. App. 4 Cir. 8/20/21), 326 So.3d

1274, 1278 (quoting *Lewis v. Jazz Casino Co.*, 2017-0935, p. 6 (La. App. 4 Cir. 4/26/18), 245 So.3d 68, 72).

Pursuant to La. C.C.P. art. 966 (D)(1), the mover bears the burden of proof on summary judgment:

> Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

## DISCUSSION

On appeal, the Elmores argue that the trial court erred in denying their motion for summary judgment, granting Precept's motion for partial summary judgment, and confirming the tax sale. They assert three assignments of error:

1) Under La. R.S. 47:2153, taxing authorities must cancel a tax sale in the absence of actual notice or proof of a reasonable effort to provide notice after performing a title search before the sale, and Mrs. Elmore was entitled to her own notice of tax sale.

2) The City of New Orleans has no authority to delegate its constitutional duty to provide notice of tax sale to property owners.

3) The court erred in not disallowing the affidavit of Ann Marie Sledge, title examiner for Archon Information Systems despite her lack of personal knowledge.

We begin our discussion by addressing the City's authority to contract with Archon to provide tax sale notices on behalf of the City.

*Authority of the City to Delegate Particular Tasks*

The Elmores assert that the City had no authority to delegate to Archon its constitutional duty to provide notice of tax sale. They further argue that because

4

the City is the citizen's agent for tax collection, that fundamental duty cannot be delegated.

La. Const. art. VII, §25(A)(1) provides for tax sales in pertinent part, "at the expiration of the year in which the taxes are due, *the collector,* without suit, and after giving *notice to the delinquent in the manner provided by law* shall advertise for sale the property on which the taxes are due." (Emphasis added.)

In *Jackson v. City of New Orleans*, the Louisiana Supreme Court reaffirmed that:

> Louisiana law not only prohibits the filing of suit to collect delinquent ad valorem taxes, but it also prohibits private entities from collecting delinquent ad valorem taxes, as only a governmental entity's official tax collector is invested with the legal authority to do so; therefore, we conclude that any penalty or collection fee designed to allow the wholesale outsourcing of a government tax collector's responsibility to collect delinquent ad valorem taxes is unconstitutional.

2012-2742, p. 17 (La. 1/28/14), 144 So.3d 876, 891. In so holding, however, the Court noted that it would not imply nor decide "whether, a tax collector is prohibited from outsourcing, on a case-by-case basis, one or more particular tasks related to, and/or necessary for, accomplishing the collection of delinquent ad valorem taxes to some other public or private entity, when the particular tasks are not among those specifically required to be performed only by the government's official tax collector, as set forth in LSA–Const. art. VII, § 25(A)(1)." *Jackson*, 2012-2742, 2012-2743, p. 17 n.13, 144 So.3d at 891.

Here, Archon was vested with authority to send notice of the tax sale on behalf of the City's tax collection division. The record is devoid of evidence that the City contracted with Archon to conduct prohibited tasks, such as collecting delinquent ad valorem taxes. Thus, this assignment of error is without merit.

*Tax Sale Cancellation*

Next, the Elmores argue that La. R.S. 47:2153(C)(1) requires taxing authorities to cancel a tax sale in the absence of actual notice or proof of a reasonable effort to provide notice after performing a title search and before the sale. In addition, the Elmores argue that La. Const. art. VII, §25(A)(1) only permits a tax sale after pre-sale notice to all record owners and that the failure to comply with pre-sale notice is an absolute nullity. Therefore, we begin by reviewing the provision of the reference statute and constitutional provision.

La. R.S. 47:2153(C)(1) provides:

> In the absence of actual notice of the sale to a tax sale party, including a transferee, or the demonstration of a reasonable effort to provide notice, where the name and address of the tax sale party were reasonably ascertainable or where the transfer was recorded after the tax collector completed his pre-sale tax sale party research, the tax collector shall cancel the sale of the property and refund the tax sale purchaser the tax sale purchase price.

La. Const. art. VII, §25(A)(1) provides:

> There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.

The Elmores argue that these provisions should be read together as requiring pre-sale notice of the tax sale. Further, they argue that the failure to provide pre-sale notice is a violation of due process and an absolute nullity.

Opposing the Elmores' assertions, Precept contends that lack of pre-sale notice is not one of the three exclusive grounds for annulling a tax sale set forth in La. R.S. 47:2286. Moreover, Precept argues that Louisiana's jurisprudence has consistently held that defects in pre-sale notice may not be attacked as absolute nullities. We agree.

It is well-established that "the failure to give pre-sale notice to *any tax notice party* does not render the sale absolutely null under the applicable law." (Emphasis added.) *LPR, L.L.C. v. Naquin*, 2020-0847, p. 14 (La. App. 1 Cir. 2/19/21), 319 So.3d 369, 379 (citing *Alpha Capital US Bank v. White*, 2018-0827, p. 9 (La. App. 1 Cir. 12/21/18), 268 So.3d 1124, 1131; *see also Central Properties v. Fairway Gardenhomes, LLC*, 2016-1855, 2016-1946, p. 15 (La. 6/27/17), 225 So.3d 441, 450-51).

Accordingly, we find no merit in the Elmores' argument that the failure to comply with pre-sale notice is an absolute nullity.

Next, we address whether post-sale notice was sufficient to give notice to the Elmores.

*Validity of Post-Sale Notice*

The Elmores argue that Gina Elmore's constitutional due process was violated and she was entitled to her own notice of tax sale. Precept contends that the tax sale should not be annulled because Gina Elmore had actual pre-sale and post-sale notice.

In support of the motion for partial summary judgment, Precept submitted affidavits from Ann Marie Sledge and Harrison Alley. In Ms. Sledge's affidavit, she attested that Archon provided services to the City relative to conducting tax sales for delinquent taxes. Ms. Sledge attested that a tax sale took place on March

7

15, 2015, and Archon sent pre-sale notices to Patrick Elmore on October 16, 2014 and November 24, 2014. She further attested that Gina Elmore signed the green card of the pre-sale tax notice, indicating actual receipt of the notice. Further, Ms. Sledge verified Archon's phone recordings of notice, and that Archon advertised the tax sale in *The Times Picayune* on February 6, 2015 and March 6, 2015.

In Mr. Alley's affidavit, he attested that he is the agent and record custodian for Precept. He attested that Precept purchased the tax sale title of the Property on April 8, 2015, and it was recorded on April 20, 2015. He also attested that Precept sent redemption notices via first class mail to Gina Elmore on October 23, 2015, and to Patrick Elmore on July 27 and November 3, 2015. Mr. Alley further attested that Precept did not receive notice from the tax collector that a tax sale redemption occurred.

In opposition to Precept's motion for partial summary judgment, the Elmores argued the interest of Gina Elmore was adversely affected by lack of notice prior to the tax sale. The Elmores attached to their opposition the affidavit of Gina Elmore. Gina Elmore attested that she was Patrick Elmore's wife and was a co-owner of the Property. She further attested that she reviewed the tax sale certificate and is not identified as an owner. She further attested that she did not receive a notice of delinquency addressed to her prior to the tax sale.

La. R.S. 47:2286 provides in pertinent part, "[n]o tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities." "[T]here are three statutorily enumerated challenges, which if proven, will nullify a tax sale certificate - a payment nullity,

8

redemption nullity, or a nullity under La. R.S. 47:2162."[1] *Side by Side Redevelopment, Inc. v. Magee*, 2020-0667, p. 10 (La. App. 4 Cir. 6/23/21), 324 So.3d 688, 695 (quoting *Alpha Capital US Bank*, 2018-0827, p. 6, 268 So.3d at 1129); *see* La. R.S. 47:2286.

In *Stow-Serge v. Side by Side Redevelopment, Inc*., 2020-0015 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, this Court determined whether post-sale redemptive notice was legally sufficient to meet with due process requirements under the law. The plaintiff sought to quiet title, and to be declared full owner of the property. The trial court granted the partial summary judgment and confirmed the tax sale purchase. *Stow-Serge*, 2020-0015, p. 4, 302 So.3d at 75.

The *Stowe-Serge* court acknowledged that "[t]he United States Supreme Court recognized that an elementary and fundamental requirement of due process in any proceeding[,] which is to be accorded finality is notice reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Stow-Serge*, 2020-0015, p. 4, 302 So.3d at 75 (citing *Central Properties*, 2016-1855, 2016-1946, p. 8, 225 So.3d at 447). The *Stow-Serge* court noted that La. R.S. 47:2121(C)(1) provides in pertinent part:

---

[1] La. R.S. 47:2162 provides that:

The tax collector or tax assessor for the political subdivision, or any other person acting on behalf of the political subdivision whose duties are to assess or collect ad valorem taxes for the political subdivision, shall not buy, either directly or indirectly, any property or tax sale title sold or offered for sale for ad valorem taxes imposed by that political subdivision. The sale shall be subject to an action for nullity except that the violation of this Section shall not be a cause for annulling the sale if the property or tax sale title has been sold by the violator, his successor, or assigns to a person who purchased the property in good faith by onerous title. In addition to any other penalties provided by law for violation of this Section, the violator shall disgorge any profits he has made, either directly or indirectly, to the tax debtor.

A tax sale confers on the tax sale purchaser . . . only tax sale title. If the tax sale title is not redeemed within the redemptive period, then at the termination of the redemptive period, tax sale title transfers to its holder ownership of the tax sale property, free of the ownership and other interest, claims, or encumbrances held by all duly notified persons . . .

The Court explained that there is "a two-step process in order for title of the property to transfer ownership: 1) expiration of the redemptive period; and 2) notification of all required persons." Moreover, the term 'tax sale' means that it is the tax lien that is purchased in the form of tax sale title, "with future rights of ownership after due notice to all 'tax sale parties' and the expiration of the redemptive period, as well as the filing of a suit to quiet title." *Id.* at p. 4, 302 So.3d at 76 (quoting *Central Properties*, 2016-1855, 2016-1946, p. 12, 225 So.3d at 449).

In his motion for summary judgment, the *Stow-Serge* plaintiff attached a certified copy of the tax certificate, which the *Stowe-Serge* court recognized as "prima facie evidence of regularity of all matters regarding the tax sale and validity of the tax sale." *Id* at p. 5, 302 So.3d at 76; *See* La. R.S. 47:2155(B). Thus, the tax submission of the tax certificate was sufficient to shift the burden of proof to the defendant to establish the tax sale was invalid. *Id.*

The *Stow-Serge* court acknowledged that Archon on behalf of the City mailed post-sale redemption notice to the defendant, more than six months before the expiration of the redemptive period. The Court found that the plaintiff was duly notified of the tax sale:

> [t]he notice included the property listed, the notice of the sale, the notice of the right to redeem, information on how to redeem, notice of the date of expiration of that right, and the tax bill and instrument number by which to identify the amount owed. Thus, the notice was legally sufficient to meet with due process requirements under the law.

*Id.* at p. 8, 302 So.3d at 78.

In *Side by Side Redevelopment, Inc. v. Magee*, this Court also upheld that post-sale notice was sufficient to cure any deficiencies with pre-sale notice. The appellant sought review of the trial court's grant in summary judgment in favor of the tax sale purchaser. The appellant argued that there were deficiencies in tax sale notices and procedures. 2020-0667, p. 7, 324 So.3d at 693. This Court noted that the definition of redemption nullity "underscores that [appellant's] assignments of error pertaining to defective pre-tax sale notice are immaterial to our review because the failure to give pre-sale notice to any party no longer renders the sale absolutely null under Title 47 since its revision in 2008." *Id.* at p. 12, 324 So.3d at 696 (citing La. R.S. 47: 2121(D); *Alpha Capital US Bank*, 2018-0827, pp. 6-7, 268 So.3d at 1129).

In the instant case, a redemption nullity is the only applicable ground for nullity available to the Elmores. A redemption nullity is "the right of a person to annul a tax sale in accordance with R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period." La. R.S. 47:2122(10). To be duly notified, pursuant to La. R.S. 47:2122(4), means that:

> [a]n effort meeting the requirements of due process of law has been made to identify [a particular person]; and to provide that person with a notice that meets the requirements of La. R.S. 47:2156, 2157, 2206, 2236, or 2275..., regardless of any of the following:
>
> (a) [w]hether the effort resulted in actual notice to the person,
>
> (b) [w]hether the one who made the effort was a public official or a private party.
>
> (c) [w]hen, after the tax sale, the effort was made.

We note that Gina Elmore's name was not listed on the pre-sale tax notice. Similar to *Stow-Serge* and *Side by Side Redevelopment*, the Elmores received post-sale notices. The record reflects that on October 23 and November 3, 2015, Precept issued individual post-sale tax notices to Gina and Patrick Elmore, respectively, informing of the redemptive period. The notices were sent via First Class U.S. Mail, provided that the Property was sold to Precept at a tax sale, indicated the Property on which the taxes were delinquent, referenced Tax Bill number 37W519116, and indicated that the Property could be redeemed within three years from April 20, 2015. Further, the notices were sent approximately two and one-half years before the expiration of the redemptive period. *See* La. R.S. 47:2122(10). The redemptive period ended on April 20, 2018.

Based on the evidence submitted by Precept, and the Elmores' lack of evidence to controvert that they were not duly notified at least six months prior to the termination of the redemptive period, we find that the Elmores were duly notified through post-sale tax notice. Consequently, we find the trial court did not err in granting the motion for partial summary judgment in favor of Precept.

*Sufficiency of Affidavit*

Finally, the Elmores argue that the affidavit of Ann Marie Sledge was insufficient to establish that Archon's efforts met the requirements of due process, and the affidavit should have been disallowed. Having determined that the Elmores received post-sale notice, and Mr. Alley's affidavit was sufficient to establish that no genuine issue of material fact remain to preclude partial summary judgment in favor of Precept, we pretermit discussion of the Elmores' remaining assignment of error.

**CONCLUSION**

For the reasons assigned, we affirm the June 25, 2021 judgment denying appellants' motion for summary judgment, granting the appellee's motion for partial summary judgment, and confirming and quieting the tax sale to Precept.

**AFFIRMED**