JON LOY, INC.    *    NO. 2023-CA-0645

VERSUS    *

    COURT OF APPEAL

TERRIE L. ALLEN    *    FOURTH CIRCUIT

    *

    STATE OF LOUISIANA

* * * * * * *


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-00098, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Tiffany Gautier Chase, Judge
Nakisha Ervin-Knott)

James E. Uschold
Mark J. Boudreau
Paul W. Pritchett
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLEE

Irl R. Silverstein
THE SILVERSTEIN LAW FIRM, APLC
3324 N. Causeway Blvd., Suite 200
Metairie, LA 70002

    COUNSEL FOR DEFENDANT/APPELLANT


    REVERSED AND REMANDED
    April 18, 2024

NEK

DLD

TGC

Appellant, Terrie L. Allen ("Allen"), appeals the trial court's July 13, 2023 judgment denying her Motion for New Trial and confirming a May 17, 2023 judgment granting the Motion for Summary Judgment filed by Appellee, Jon Loy, Inc. ("Jon Loy"). For the following reasons, we reverse the trial court's judgments.

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Allen acquired the property located at 4525 Plum Orchard Ave., New Orleans, LA 70126 via a cash sale deed in 2009. The City of New Orleans (the "City") sold the property at a tax sale in 2018 for outstanding 2017 property taxes. Jon Loy bought a tax sale interest over the property for $859.27 and filed its tax sale certificate into the conveyance records on June 6, 2018.

Thereafter, on January 5, 2022, Jon Loy filed a Petition to Confirm and Quiet Tax Sale Title. In the petition, Jon Loy alleged that Allen was not a resident of this state and requested that a curator ad hoc be appointed. For reasons unclear from the record before us, the appointed curator was never served with the petition. On April 20, 2022, counsel for Jon Loy drafted a Notice of Tax Sale and addressed it to Allen at a New York address. The notice informed Allen that her property had

1

been sold and that she had six months from the date of the notice to file a nullity action. It further informed her that a quiet title suit had been filed against her. Jon Loy sent the notice via certified mail and received a confirmation that someone had signed for the mail at the New York residence on April 23, 2022.

On June 16, 2022, Allen, appearing *pro se*, answered the petition, denying all allegations therein. Jon Loy moved for summary judgment on March 21, 2023, and Allen, through counsel, opposed the motion. After a hearing on the matter, the trial court granted summary judgment. Allen filed a motion for new trial, which the trial court denied. Allen timely appealed the trial court's judgments.

## ASSIGNMENTS OF ERROR

Allen asserts two assignments of errors—(1) the trial court erred in granting Jon Loy's Motion for Summary Judgment, and (2) the trial court erred in denying her Motion for New Trial. For the reasons below, we find that the trial court erred in granting the motion for summary judgment. Therefore, we pretermit any discussion on the Motion for New Trial.

## DISCUSSION

### Tax Sales and Tax Sale Procedures in Louisiana

Our decision in this case requires a detailed analysis of this State's laws on tax sales.

The Louisiana Constitution provides that a tax collector may sell a property at a tax sale due to an owner's failure to pay the required taxes on the property after only one year has passed from the date the taxes are due. *See* La. Const. art. VII, § 25(A)(1). The section provides that the tax collector may sell the property after providing notice to the delinquent tax payer "in the manner provided by law . . . ." *Id*. This process is referred to as pre-sale notice. This process requires the tax collector, the City of New Orleans in this specific case, to "send a written notice by certified mail, return receipt requested" to each tax debtor prior to the tax sale

2

taking place. La. R.S. 47:2153(A)(1)(a). This requirement is consistent with federal constitutional due process requirements to notify an owner prior to the taking of his or her property.[1]

At the conclusion of the sale, the tax collector shall give the tax sale purchaser a tax sale deed, which is *prima facie* evidence that the tax sale is valid. La. R.S. 47:2155(A)-(B). After the tax sale deed has been recorded, the tax debtor will typically have three years to reclaim the property during a time that is referred to as the redemptive period. La. Const. art. VII, § 25(B)(1); La. R.S. 47:2122(11). A tax debtor may redeem the property by paying the tax collector the required costs under La. R.S. 47:2243 and 47:2244. If the applicable redemptive period has ended without a redemption, the tax sale purchaser may institute suit against any tax debtors with an ownership interest in the property in order to terminate their interest. La. R.S. 47:2266(A)(1).

Within thirty days of the filing of the tax sale certificate, the tax collector is required to send notice to the tax debtor that his or her property had been sold at a tax sale. La. R.S. 47:2156(B)(1)(a). Within ninety days prior to the expiration of the redemptive period, the tax collector is required to send notice to the tax debtor that the property had been sold and cannot not be redeemed after the redemptive period has ended. *Id*. at (B)(1)(b); La. R.S. 47:2153(A)(1)(a). The tax sale purchaser may also send written notice that the property had been sold and that the failure to redeem the property within the applicable redemptive period will result

_____

[1] *E.g. Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 103 S. Ct. 2706, 2712, 77 L.Ed.2d 180 (1983) (finding that notice by mail is a "minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interest" of a person); *Jones v. Flowers*, 547 U.S. 220, 223, 126 S. Ct. 1708, 1712, 164 L.Ed.2d 415 (2006)(finding that the government must provide an owner notice and an opportunity for hearing prior to taking his or her property and selling it for unpaid taxes); *Cent. Properties v. Fairway Gardenhomes, LLC*, 2016-1855, p. 8 (La. 6/27/17), 225 So. 3d 441, 447 ("It is well-settled that, under the Fourteenth Amendment to the United States Constitution and La. Const. art. I, § 2, deprivation of property by adjudication must be preceded by notice and opportunity to be heard appropriate to the nature of the case.").

in the loss of the property. La. R.S. 47:2156(A). All of these notices are referred to as post-sale notice.

Once the redemptive period has ended, the tax sale purchaser may elect to send notice to the tax debtor that the purchaser will terminate the debtor's interest in the property unless the debtor challenges the tax sale within a certain time. La. R.S. 47:2157(A)(1). This statute creates a "catch-all" provision by providing that the notice sent pursuant to its terms will constitute notice of sale in compliance with the Louisiana Constitution and "shall be sufficient without regard to whether the notice of the tax sale or any other notice has been given." *Id*. at (A)(2). Once the redemptive period has expired, the tax sale purchaser may institute a suit against all tax debtors with an interest in the property to have their interests terminated. La. R.S. 47:2266(A)(1).

***Whether the trial court erred in granting the motion for summary judgment***

### i. Motions for Summary Judgment

Appellate courts review a trial court's ruling on a motion for summary judgment *de novo*. *Precept Credit Opportunities Fund, L.P. v. Elmore*, 2021-0502, p. 3 (La. App. 4 Cir. 4/20/22), 338 So. 3d 87, 89-90. Under a *de novo* review, the appellate court will use the same standards applied by the trial court in deciding the motion but without giving deference to the trial court's judgment or reasons for judgment. *Id.* Similar to the trial court, the appellate court is required to examine the admissible evidence under La. C.C.P. art. 966 to determine if that evidence shows that no genuine issue of material fact exists and that the mover is entitled to judgment as a matter of law. *Klein v. Henderson*, 2021-0317, p. 15 (La. App. 4 Cir. 11/17/21), 332 So. 3d 764, 774-75 (citations omitted). A material issue of fact is one whose existence or non-existence will determine the outcome of a legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 1993-2512, p. 27 (La. 7/05/94), 639 So. 2d 730, 751 (citations omitted).

4

The mover initially bears the burden of proof on a summary judgment motion. La. C.C.P. art. 966(D)(1); *Fugar v. Dillard Univ.*, 2022-0618, p. 4 (La. App. 4 Cir. 2/13/23), 358 So. 3d 168, 171. The burden does not shift unless the mover has presented a *prima facie* case that no genuine issues of material fact exists. *Singleton v. Dillard Univ.*, 2023-0295, p. 7 (La. App. 4 Cir. 10/27/23), 376 So. 3d 997, 1001. If the mover fails to establish a *prima facie* case, then he is not entitled summary judgment. *Id*. at pp. 6-7, 376 So. 3d at 1001. Only if the mover establishes a *prima facie* case does the burden shift to the adverse party. La. C.C.P. art. 966(D)(1); *Fugar*, 2022-0618, p. 4, 358 So. 3d at 171.

**ii.     Did Jon Loy meet its burden?**

To support its motion for summary judgment, Jon Loy introduced the following into evidence— (1) the act of cash sale for 4525 Plum Orchard Ave. conveying ownership to Allen; (2) the tax sale certificate evidencing Jon Loy's tax interest in the property; (3) the notice of tax sale Jon Loy sent to Allen in New York; (4) a returned certified mail receipt evidencing that someone had signed for the notice in New York; (5) an affidavit from Jon Loy's counsel detailing the effort he made to locate Allen and certifying the attached documents; and (6) Allen's answer to the petition.

**a.  The tax sale certificate**

As discussed earlier, a tax sale certificate is considered to be *prima facie* evidence regarding the validity of the tax sale. However, the tax sale certificate presented in this case states that the property had been sold for "delinquent property taxes with interest and costs for the year(s) **2015, 2016** and **2017** . . . ." (Emphasis added). The certificate then contradicts itself by only listing the tax costs for 2017.[2] Although the tax sale certificate normally constitutes *prima facie* evidence, if the tax sale certificate contradicts itself then the assertions made

_____

[2] Jon Loy also alleges that it bought the property for delinquent 2017 taxes.

5

therein regarding the tax collector's compliance with all legal requirements for the sale cannot be taken at face value. There is a genuine and material question as to whether all legal formalities were met prior to the tax sale taking place in this case. Therefore, in our *de novo* review of this matter, we find that the tax sale certificate does not constitute *prima facie* evidence under the circumstances of this case.

As the tax sale certificate did not constitute *prima facie* evidence regarding the validity of the sale, Jon Loy did not meet its burden by the mere presentation of the certificate. As such, it was required to produce evidence showing that Allen had been duly notified of her rights to redeem or, alternatively, nullify the sale. However, Jon Loy failed to do so this.

### b. Other evidence presented

The remaining record further propounds the issue with the tax sale certificate and raises many issues regarding whether proper procedure had been followed in this case. The record before us is devoid of any evidence showing the City attempted to provide Allen with either pre- or post-tax sale notice. As such, Jon Loy needed to prove that it had corrected any lack of notice under the catch-all provision provided by law. Jon Loy failed to meet this burden.

Jon Loy argues that it duly notified Allen by sending notice under La. R.S. 47:2157 to the New York address. In its affidavit, Jon Loy asserts that it searched two internet databases to locate the New York address. We find that this was not sufficient to meet due notification requirements.

La. R.S. 47:2122(4) defines "duly notified" as "an effort meeting the requirements of due process of law [] made to identify and to provide [a] person with [] notice . . . ." La. R.S. 47:2153 outlines what actions constitute a reasonable and diligent effort that comport with due process requirements. This includes sending the notice by first class mail to the last known address of the tax debtor along with any of the three following steps:

6

> (1) Performing a computer search of the digitized records and databases of the clerk of court or sheriff's office for addresses of other properties that may be owned by the debtor;
> (2) Contacting the tax assessor of the parish in which the property is located for the addresses of other properties that may be owned by the debtor;
> (3) Examining the mortgage or conveyance records of the parish where the property is located to determine whether there are any other transactions pertaining to the property;
> (4) Attempting personal or domiciliary service of the notice;
> (5) Posting the notice of tax sale at the property.

La. R.S. 47:2153(A)(1)(c)(i). Although this specific statute relates to the duties of the tax collector in sending notice, if the tax purchaser decides to use the catch-all provision under La. R.S. 47:2157 to cure any prior noticing deficiencies, then the tax sale purchaser should also comply with these due process efforts. To hold otherwise would risk people losing their properties without notice and in violation of their due process rights.

The first step in providing due notice is sending notice to the tax debtor at the tax sale property. *See* La. R.S. 47:2153 (A)(1)(a) and (c)(i). If that fails, then the next mandated step is to send notice to the **last known address** of the tax debtor. La. R.S. 47:2153(A)(1)(c)(i) (emphasis added). Jon Loy failed to do this. The act of cash sale submitted by Jon Loy to support its summary judgment motion lists Allen's address to be in Lexington, Kentucky. The tax sale certificate lists that same address. Jon Loy alleges in its petition that Allen is a resident of Kentucky. Yet, despite Allen's last known address being in Kentucky, Jon Loy did not send its notice to that address. Jon Loy also did not submit evidence showing that it attempted to perform the other steps listed by statute in order to make a diligent effort to locate Allen. Rather, Jon Loy's counsel asserts in his affidavit that he "conducted a diligent search for the last known address of Terri L. Allen including making a google search and using . . . a subscription people finder service." This assertion falls flat in the face of the evidence Jon Loy submitted and its own allegation that Allen was a resident of Kentucky. The only notice Jon Loy sent was

7

to the New York address. At the very least, this creates a genuine issue of material fact as to whether Jon Loy made a diligent effort to provide Allen curative post-sale notice.[3]

In light of the above, we find that Jon Loy failed to meet its burden in showing that no genuine issue of material fact existed. Rather, the evidence submitted in support of the motion contradicted itself and showed many issues surrounding whether Allen had been duly notified under the law. Therefore, Jon Loy was not entitled to summary judgment based on the showing made.

### iii.    Did Allen show that genuine issues existed?

Even assuming for sake of argument that Jon Loy established a *prima facie* case and met its burden of proof, we find that Allen also met her burden in showing that genuine issues of material fact remained. To support her opposition, Allen introduced the following into evidence—(1) an affidavit attesting to her address and what she knew about the tax sale; (2) a letter from the City of New Orleans, Code Enforcement and Hearings Bureau that is dated November 11, 2021, and lists her New Orleans address; (3) her Louisiana driver's license that lists her New Orleans address; and (4) an email from the appointed curator in this matter confirming that he had never been served with the petition in this case.

In her affidavit, Allen asserts that she lived at the New York address until 2008 when she moved to Kentucky. Thereafter, she moved back to New Orleans in 2017 and has resided with her mother since then. Allen states that she never received the post-sale notice sent to the New York address and that the confirmation for the notice had been signed by a child who lives at the residence.

---

[3] As recognized by the United States Supreme Court, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice **reasonably calculated under all circumstances**, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Cent. Properties*, 2016-1855, p. 9, 225 So. 3d at 447 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L.Ed. 865 (1950)) (emphasis added).

She further asserts that her current New Orleans address is in the public domain and discoverable as evidenced by her Louisiana driver's license and the letter she received from the City's Code Enforcement and Hearings Bureau. Lastly, Allen attests that she attempted to redeem the property at one point in time but was prevented from doing so.

We find that the above evidence created genuine issues of material fact that precluded summary judgment in this matter. Namely, genuine questions remain regarding whether the City or Jon Loy made diligent and reasonable efforts that comported with due process of law to duly notify Allen of her rights prior to taking her property. Allen's last address was the Kentucky address, not the New York address used by Jon Loy. Additionally, her current, New Orleans address was known by the City and appears to have been in the public domain. Thus, there is a question as to whether an effort meeting due process requirements was made to provide Allen with notice considering that her prior and current addresses were reasonably ascertainable.[4]

### DECREE

For the foregoing reasons, we reverse the district court's judgments granting Jon Loy's Motion for Summary Judgment and denying Allen's Motion for New Trial, and we remand this matter for further proceedings.

**REVERSED AND REMANDED**

---

[4] "If the name and address of the interested party is reasonably ascertainable, notice by mail is a constitutional precondition to a matter affecting the property interest of a party." *Community Associates, Inc. v. Taylor*, 2019-0242, pp. 6-7 (La. App. 4 Cir. 7/31/19), 364 So. 3d 1, 5 (citing *Mennonite Bd. Of Missions*, 462 U.S. at 800, 103 S. Ct. at 2712).