890 So.2d 13 (2004)
FUTURE TRENDS, LLC
v.
Agnes Rabito, Wife of/and James M. ARMIT.
No. 04-CA-525.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 2004.
John A. E. Davidson, John Davidson and Associates, Metairie, LA, for Plaintiff/Appellant.
Alan D. Alario, II, Ronald J. Gillen, Alario & Hammel, Metairie, LA, for Defendant/Appellee.
*14 Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
On August 3, 1977, James Armit and his wife, Agnes Rabito Armit, bought the property located at 3012 Tupelo Street in Kenner, Louisiana. The Act of Sale lists James Armit as the purchaser in the caption of the document, however, both James and Agnes Armit signed the act of sale. The parties were married at the time the act of sale was executed, therefore, the property is presumed to be community property. Both parties have lived at the Tupelo address since they purchased the property.
In 1995, the Armits failed to pay property taxes to the City of Kenner. As a result, the City sent notices of delinquent taxes to Mr. Armit. The City only sent notices to Mr. Armit because he was the only listed owner. The notice of delinquency and a notice of the impending tax sale were sent to Mr. Armit at the Tupelo address he shares with Mrs. Armit.
The Armits took no steps to pay the delinquent taxes or to stop the tax sale. On August 29, 1996, Future Trends, L.L.C. purchased the property at the tax sale and obtained a deed to the property. On February 14, 2002, Future Trends filed a petition seeking to confirm the tax sale. On April 23, 2002, Future Trends filed a motion for summary judgment requesting that the trial court confirm the tax sale against the Armits. The trial court granted the motion for summary judgment as to Mr. Armit because it was undisputed that he had received notice of the delinquent taxes and the tax sale. However, the trial court denied the motion for summary judgment as to Mrs. Armit because she had not received the required notices. Future Trends' claims against Mrs. Armit proceeded to trial and the trial court found in favor of Mrs. Armit, dismissing Future Trends' petition to confirm tax title with prejudice.
The trial court did note that it was unable to enter a ruling to nullify the tax sale because Mrs. Armit did not seek such relief. Mrs. Armit had filed a separate suit to nullify the tax sale and it had been assigned to a separate division of the trial court. The two cases had not been consolidated. Thereafter, Future Trends filed a motion for new trial. The trial court partially granted the motion and clarified the ruling to state that "actual" notice was not required.
Future Trends now appeals alleging three assignments of error. First, Future Trends alleges that the failure of Mrs. Armit to file suit to annul the tax title requires confirmation of the tax title in Future Trends' name. Second, Future Trends argues that the Notice of Delinquency received by Mr. Armit, who was the sole individual listed on the Act of Sale, was sufficient to provide proper notice of the tax sale. And finally, Future Trends argues that Mrs. Armit raised no issues as to occupancy regarding lack of notice and pled no issues regarding the unconstitutionality of Article 7 Section 25 of the Constitution of Louisiana.
For the reasons which follow, we affirm the trial court's judgment denying Future Trends' petition for confirmation of tax title in favor of Agnes Armit. Mrs. Armit argued in the trial court that notice must be sent to each record owner of the property and due process required that she receive notice of the tax sale, as a record owner. Future Trends argued that either spouse is a proper party to receive notice of a tax sale of community property, so notice to either spouse is sufficient. Future Trends contends it sent notice to *15 Mr. Armit, so notice to the community was perfected.
La. R.S. 47:2180A(1)(a) provides:
On the second day of January each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on the immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
La. Const. art. 7 Section 25(A)(1) provides, in part, that "... at the expiration of one year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due." Section 25(B)(1) of Article 7 of the Louisiana Constitution further provides that "[t]he property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption." In addition, Section 25(C) provides that "[n]o sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. A notice of sale shall not be served until the final day for redemption has ended."
We note that no statute clearly states whether or not both spouses in a community must receive notice on delinquent taxes due on community property. Mrs. Armit was not listed in the caption of the act of sale, however, she did sign the act of sale as an owner. Further, the property is community property, so Mr. and Mrs. Armit each own an undivided one half interest. Accordingly, Mrs. Armit has an interest in the property and must receive notice of the delinquent taxes due and notice of the tax sale. Mrs. Armit did not receive this required notice, and thus, the trial court correctly denied Future Trends' petition to confirm the tax title.
Future Trends also argues its tax title should be confirmed because Mrs. Armit did not file a suit to annul within six months of service of the suit to confirm the tax title, as required by LSA R.S. 47:2228. Future Trends argues that Mrs. Armit did file a proceeding to annul the tax title, however, it was assigned to a different division with a different suit number and it was never served nor consolidated with this case. In addition, Future Trends argues that Mrs. Armit was required to bring a reconventional demand in this matter asserting her right to annul the tax sale. Since she failed to file a reconventional demand, Future Trends argues res judicata bars Mrs. Armit from bringing any other proceeding to annul. Since no judgment was rendered which annulled the tax title and Mrs. Armit is now barred from bringing such an action, Future Trends argues it is entitled to a judgment of confirmation of the tax title.
In opposition, Mrs. Armit argues that Future Trends' assertions that her claims of annulment were filed untimely or that they are barred by res judicata are premature. The separate proceeding brought by Mrs. Armit in the 24th Judicial District Court, entitled Rabito v. Future Trends, L.L.C., 24th Judicial District Court, No. 578-028, Division "E", is still pending.
*16 We find that Future Trends' arguments regarding res judicata and timeliness of the petition to annul were not properly raised before the trial court in this proceeding, and therefore, those issues are not properly before us on this appeal.
Finally, Future Trends argues that Mrs. Armit's right to use the defense of lack of notice of the tax delinquency expired after the five year prescriptive period provided by Article 7, Section 25 of the Louisiana Constitution. The Supreme Court in Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) elevated the lack of notice to a due process violation. Further, in Drury v. Watkins, 546 So.2d 1280 (La.App. 1st Cir.1989), writ denied, 551 So.2d 1323 (La.1989), the Louisiana First Circuit quoted the Louisiana Third Circuit in Murphy v. Estate of Sam, 527 So.2d 1190 (La.App. 3d Cir.1988) and stated that the failure to give notice to a record owner was a violation of due process and that the tax sale was void. Therefore, we find the failure to provide notice of the tax sale to Mrs. Armit was a violation of her due process rights and, as a result, the tax sale cannot be confirmed in favor of Future Trends.
In accordance with the above, we find the trial court correctly denied Future Trends' Petition to Confirm the Tax Title and dismissed all claims against Mrs. Armit with prejudice at Future Trends' costs. We affirm this judgment and assess all costs of this appeal to Future Trends.
AFFIRMED.