CRESCENT CITY PROPERTY     *     NO. 2025-CA-0039
REDEVELOPMENT
ASSOCIATION, LLC D/B/A     *
CRESCENT CITY PROPERTY        COURT OF APPEAL
SERVICES AND CRESCENT     *
CITY PROPERTY        FOURTH CIRCUIT
REDEVELOPMENT     *
SERVICES, INC.        STATE OF LOUISIANA
ASSOCIATION D/B/A     * * * * * * *
CRESCENT CITY PROPERTY

VERSUS

SUCCESSION OF JAMES W.
STROUGHTER, SUCCESSION
OF FRANCES COLLINS A/K/A
FRANCES COLLINS
STROUGHTER, CITY OF NEW
ORLEANS, VETTER LUMBER
COMPANY, INC.,
COMMONWEALTH SAVINGS
ASSOCIATION AND/OR ITS
SUCCESSOR CAPITAL ONE
FINANCIAL CORPORATION
D/B/A CAPITAL ONE BANK,
ET AL.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-01406, DIVISION "D"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Paula
A. Brown)

Reid S. Uzee
UZEE LAW FIRM
6218 Argonne Blvd.
New Orleans, LA 70124

       COUNSEL FOR PLAINTIFF/APPELLANT

Charles L. Stern, Jr.
Richard L. Traina

STEEG LAW FIRM, LLC
201 St. Charles Ave., Suite 3201
New Orleans, LA 70170

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**July 31, 2025**

*RML*
*DLD*
*PAB*

This appeal arises from an ownership dispute regarding 3701-3703 Baronne Street and 1804 Amelia Street ("Property") as a result of two tax sales. Crescent City Property Redevelopment Association, LLC ("CCPRA") d/b/a Crescent City Property Redevelopment Services, LLC ("CCPRS") (collectively "Plaintiffs") purchased the Property through a 2002 tax sale and filed suit to quiet title on the Property. Theodore Mondale, a defendant claiming good title by way of purchase from the original owner, filed a motion for summary judgment seeking to dismiss Plaintiffs' claims. The trial court granted Mr. Mondale's motion for summary judgment in part, dismissing Plaintiffs' claims regarding ownership via the 2002 tax sale deed and ten-year acquisitive prescription with prejudice.

Plaintiffs appeal, contending Mr. Mondale lacked standing to challenge their ownership, that sufficient notice was provided on the 2002 tax sale, and that they possessed "just title" to satisfy the requirements of ten-year acquisitive prescription. We find Mr. Mondale, as a successor in title, has standing to challenge Plaintiffs' ownership claims. Further, we find no genuine issues of material fact remain pertaining to Plaintiffs' ownership claims pursuant to the 2002

1

tax sale deed ("Deed"), as notice was invalid, and via ten-year acquisitive prescription because they were divested of just title. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1971, James and Frances Stroughter purchased the Property. Mr. Stroughter died intestate in 1995, and Mrs. Stroughter died intestate in 2004. In 2002, the City of New Orleans ("City") issued a tax sale deed for the Property to CCPRA, as a result of a tax auction due to unpaid taxes from 1997-2000. CCPRA secured the Property and began renovations. In 2006, CCPRA transferred its interest in the Property to CCPRS via quitclaim deed. Neither CCPRA nor CCPRS paid any of the taxes on the Property. As a result, in September 2012, the Property was adjudicated to the City for unpaid taxes.

In February 2021, Plaintiffs filed a petition to quiet title, to annul tax sale, and to cancel prescribed encumbrances.[1] Meanwhile, in 2022, after being appointed as succession administrator,[2] the Stroughters' son, Adrian, sold the Property to Mr. Mondale for $110,000.00. As a result, Plaintiffs amended their petition to add Mr. Mondale; DeShontae McNeal;[3] Crescent Title, LLC; and Adrian[4] as additional defendants in their quiet title action.

In March 2024, Mr. Mondale filed a motion for summary judgment and exception of no right of action, seeking the dismissal of Plaintiffs' claims against him for these three reasons: (1) lack of constitutionally required notice, which

---

[1] Plaintiffs named the following parties as defendants: both Stroughter successions; the City of New Orleans; Vetter Lumber Company, Inc.; Commonwealth Savings Association; Advance Mortgage Company, LLC.; Bernard Dyer (unopened succession, heirs, legatees, and assigns); Dianne Blasé (unopened succession, heirs, legatees, and assigns); and Isabell Cannon (unopened succession, heirs, legatees, and assigns). These defendants are not relevant to the issues presented in this appeal.

[2] Plaintiffs contest the validity of Adrian's appointment, but this issue is not before the Court.

[3] Ms. McNeal was granted the right to purchase the Property and assigned her rights to Mr. Mondale.

[4] The Plaintiffs' first amending and supplemental petition mislabels Adrian as Amos.

means the 2002 tax sale is an absolute nullity; (2) lack of "just title" for ten-year

acquisitive prescription; and (3) lack of standing to challenge actions taken in the

succession case. The trial court granted Mr. Mondale's motion for summary

judgment in part, dismissing: (1) Plaintiffs' ownership claims regarding the July

21, 2002 tax sale deed, with prejudice, and (2) Plaintiffs' ownership claims

regarding ten-year acquisitive prescription, with prejudice. Otherwise, Mr.

Mondale's motion for summary judgment and exception of no right of action were

denied.[5] Plaintiffs filed a motion for new trial, which was denied, and this appeal

followed.

## STANDARD OF REVIEW

This Court has established the standard of review appellate courts utilize

when reviewing the grant of a motion for summary judgment as follows:

> Appellate courts review the grant or denial of a motion for
> summary judgment de novo, using the same criteria applied by
> trial courts to determine whether summary judgment is
> appropriate. This standard of review requires the appellate court
> to look at the pleadings, depositions, answers to interrogatories,
> and admissions on file, together with the affidavits, if any, to
> determine if they show that no genuine issue as to a material fact
> exists, and that the mover is entitled to judgment as a matter of
> law. A fact is material when its existence or nonexistence may be
> essential to the plaintiffs [sic] cause of action under the
> applicable theory of recovery; a fact is material if it potentially
> insures or precludes recovery, affects a litigant's ultimate
> success, or determines the outcome of the legal dispute. A
> genuine issue is one as to which reasonable persons could
> disagree; if reasonable persons could reach only one conclusion,
> no need for trial on that issue exists and summary judgment is
> appropriate. To affirm a summary judgment, we must find
> reasonable minds would inevitably conclude that the mover is
> entitled to judgment as a matter of the applicable law on the facts
> before the court.

---

[5] The trial court designated the judgment as final pursuant to La. C.C.P. art. 1915(B)(1).

*Mandina, Inc. v. O'Brien*, 2013-0085, pp. 8-9 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 104. (internal citations omitted).

## MOTION FOR SUMMARY JUDGMENT

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id*. "A party may move for a summary judgment for all or part of the relief for which he has prayed." La. C.C.P. art. 966(A)(1). The plaintiff may file after the answer, but the defendant can file at any time. *Id*.

The trial court may grant a motion for summary judgment after there has been time for adequate discovery "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). When ruling on a motion for summary judgment:

> The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions.

La. C.C.P. art. 966(A)(4)(a).[6] "No additional documents may be filed with the reply memorandum." La. C.C.P. art. 966(B)(3).

The mover bears the burden of proof. La. C.C.P. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial on the issue that is before the court . . . the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense." *Id*. Instead,

---

[6] Effective August 1, 2023.

the mover must then "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id*. The burden then shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*.

Once presented with supporting and opposing documentation, the trial court's role is as follows:

> In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead, to determine whether a genuine issue of material fact exists. *Hines*, 04–0806, p. 1, 876 So.2d at 765. A "genuine issue" is a triable issue, or one as to which reasonable persons could disagree. *1026 Conti Condominiums, LLC v. 1025 Bienville, LLC*, 11-1055, p. 5 (La.App. 4 Cir. 2/8/12), 84 So.3d 778, 781; *Smith v. Our Lady of the Lake Hosp.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. Similarly, a fact is "material" when its existence or non-existence may "insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Hayes*, 14-0675, pp. 3-4, 156 So.3d at 1196; *FMC Enterprises, L.L.C. v. Prytania-St. Mary Condominiums Ass'n, Inc.*, 12–1634, p. 6 (La.App. 4 Cir. 5/15/13), 117 So.3d 217, 222. Despite the legislative mandate that summary judgments are favored, any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. *Willis v. Medders*, 00-2507, p. 2 (La.12/8/00), 775 So.2d 1049, 1050; *FMC Enterprises*, 12-1634, pp. 6-7, 117 So.3d at 222-23; *Windham v. Murray*, 06-1275, p. 3 (La.App. 4 Cir. 5/30/07), 960 So.2d 328, 331.

*Bridgewater v. New Orleans Reg'l Transit Auth.*, 2015-0922, pp. 5-6 (La. App. 4 Cir. 3/9/16), 190 So.3d 408, 412.

Furthermore, "[a] trial judge cannot make credibility determinations on a motion for summary judgment." *Sislo v. New Orleans Ctr. for Creative Arts*, 2016-0178, p. 5 (La. App. 4 Cir. 8/17/16), 198 So.3d 1202, 1206. "It is not the function of the district court on a motion for summary judgment to determine or even inquire into the merits of the issues raised." *Thibodeaux v. Asbestos Corp.*,

2007-0617, p. 4 (La. App. 4 Cir. 2/20/08), 976 So.2d 859, 862 (quoting *Knowles v. McCright's Pharmacy, Inc.*, 34,559, p. 3 (La. App. 2 Cir. 4/4/01), 785 So.2d 101, 103). "Additionally, the weighing of conflicting evidence has no place in summary judgment procedure." *Id.*

## *Discussion*

### *Standing*

Plaintiffs contend Mr. Mondale lacks standing to intervene in the July 2002 tax sale, "as he was neither a party to the transaction or an owner of the Baronne Property at the time of the sale." For the reasons that follow, Plaintiffs' assertion lacks merit.

Plaintiffs rely upon *In re Marie Placide Praying for Monition*, 2022-0438 (La. App. 4 Cir. 7/27/22), 345 So.3d 1039, in support of their contention that Mr. Mondale lacks standing. Plaintiffs' reliance is misplaced. This Court, in *Placide*, held that decedent's child was not a proper party to annul the tax sale of decedent's property because he was not listed as an interested party in "an act of sale recorded in the conveyance records of Orleans Parish." 2022-0438, pp. 4-5, 345 So.3d at 1042.

Conversely, in the present matter, it is undisputed that Adrian conveyed the Property to Mr. Mondale.[7] The Louisiana Supreme Court examined a similar situation in *Mooring Tax Asset Grp., L.L.C. v. James*, 2014-0109 (La. 12/9/14), 156 So.3d 1143. The original owners of the property in *Mooring* sold the property to buyer 1, presumably unaware of a previous tax sale. 2014-0109, p. 2, 56 So.3d at 1145. Buyer 1 then sold the property to the defendant. *Id.* The Louisiana Supreme Court held that the current record owner was the proper party to seek to

---

[7] The validity of said conveyance is not presently before us.

clear the title. *Id.*, 2014-0109, pp. 11-12, 56 So.3d at 1151 (finding "it remains the obligation of the property owner to clear the title. Thus, it was [defendant] who properly sought to annul the tax sale even though he was not the tax debtor or property owner at the time of the tax sale."). Thus, as Mr. Mondale is a successor in title, Plaintiffs' assertion fails.[8]

***Notice***

Plaintiffs maintain the trial court erred by finding that notice provided to the Stroughters of the 2002 tax sale was procedurally improper because "[t]he City, Appellants, and an appointed Succession Representative exhausted all possible avenues for notifying the Stroughters, but they took no action or interest in the transfer of the Baronne Property."

The parties do not dispute that the Property was sold in 1971 to Mr. Stroughter. However, Plaintiffs contend Mrs. Stroughter was not included in the sale, meaning notice of the tax sale was only required for Mr. Stroughter. Whereas, Mr. Mondale avers that community property was the default regime in 1971, which would require notice be given to Mrs. Stroughter, as a co-owner in indivision. It is undisputed that notice was not sent to Mrs. Stroughter.

In 2002, La. R.S. 47:2180(B) provided that notice shall be provided to "each taxpayer." *See also Lewis v. Succession of Johnson*, 2005-1192 (La. 4/4/06), 925 So.2d 1172. Accordingly, we must determine whether Mrs. Stroughter was a

_____

[8] "[T]he law governing the payment and collection of property taxes, tax sales, and adjudicated property . . . was substantively revised by the legislature in 2008 by La. Acts, No. 819, effective January 1, 2009." *Cent. Props. v. Fairway Gardenhomes, LLC*, 2016-1855, 2016-1946, p. 10 (La. 6/27/17), 225 So.3d 441, 448. Plaintiffs' remaining citations are to statutes enacted in 2009 and post-revision jurisprudence. *See* La. R.S. 47:2286 and *Lepree v. Dorsey*, 2022-0853 (La. App. 4 Cir. 8/11/23), 370 So.3d 1191, *writ denied*, 2023-01238 (La. 12/5/23), 373 So.3d 982. "The Louisiana Supreme Court has explained that the law in effect at the time of the tax sale is controlling regardless of when the case is adjudicated." *Cloud v. Gibson*, 2023-0435, p. 17 (La. App. 4 Cir. 7/30/24), 399 So.3d 604, 615, *writ denied*, 2024-01078 (La. 11/20/24), 396 So.3d 68 (citing *Cent. Props.*, 2016-1855, 2016-1946, p. 10, 225 So.3d at 448).

7

"taxpayer" such that notice was required.

"[U]ntil the 1979 revision of Book III, Title VI of the Louisiana Civil Code (Matrimonial Regimes) accomplished by 1979 La.Acts, No. 709 (effective Jan. 1, 1980), the marital property law of this state characterized the husband as 'head and master' of the community of acquets and gains." *Camel v. Waller*, 526 So.2d 1086, 1090-91 (La. 1988). Moreover, in 1971, property purchased during the marriage was presumed to be community property unless the act of sale included a "double declaration that he purchased the property with his separate funds and for his separate estate." *Id.*, 526 So.2d at 1091. *See also Talbot v. Talbot*, 2003-0814, p. 11 (La. 12/12/03), 864 So.2d 590, 599.

Plaintiffs rely upon *Future Trends, LLC v. Armit*, 2004-525, p. 4 (La. App. 5 Cir. 11/16/04), 890 So.2d 13, 15, for the premise that "no statute clearly states whether or not both spouses in a community must receive notice on delinquent taxes due on community property." However, the Fifth Circuit Court of Appeal opined that the wife, as an owner in indivision with her husband, "must receive notice of the delinquent taxes due and notice of the tax sale." *Id.*, 2004-525, p. 5, 890 So.2d at 15. Moreover, the Louisiana Supreme Court, in addressing jurisprudence requiring notice to co-owners prior to the 2009 revisions, held:

> Therefore, the Fourteenth Amendment and the Louisiana constitution require proper notice to each owner in indivision to guard against a deprivation of property without due process of law. Consequently, we find the failure to provide the requisite notice to each co-owner of record renders the tax sale null and void in its entirety.

*C & C Energy, L.L.C. v. Cody Invs., L.L.C.*, 2009-2160, pp. 9-10 (La. 7/6/10), 41 So.3d 1134, 1140-41 (superseded by statute as enunciated by the Louisiana Supreme Court in *Cent. Props.*, 2016-1855, 2016-1946, p. 10, 225 So.3d at 448).

The 1971 Act of Sale and Assumption included the following language:

> James W. Stroughter, a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana, who after being by me first duly sworn, did depose and state that he has been married but once and then to Frances Collins, with whom he is presently living and residing at 4229 Alfred Street, New Orleans, Louisiana. (reformatted).

The 2002 Deed was directed to Mr. Stroughter. Further, the Deed indicated that a "certified letter a notice in conformity with said Laws of the State and the said Mr. James W. Stroughter" was mailed notifying Mr. Stroughter of the pending sale for his failure to pay ad valorem taxes for 1997-2000. The Deed also provided that notice was published in the *Times-Picayune*. However, there is no evidence that Mrs. Stroughter was provided notice, which was required given her status as a co-owner. Indeed, Plaintiffs do not assert she was provided notice. Lack of this constitutional requirement is fatal to a tax sale prior to the revisions. *See Lewis*, 2005-1192, pp. 8-9, 925 So.2d at 1177. As such, no genuine issues of material fact remain regarding the failure to comply with the notice requirements. Accordingly, we find the trial court did not err by granting Mr. Mondale's motion for summary judgment as it relates to Plaintiffs' claims of ownership based upon the Deed.

### *Just Title*

Plaintiffs contend the trial court erred by dismissing their claims of ownership of the Property by "virtue of ten-year acquisitive prescription." Louisiana Civil Code article 3475 provides, "[t]he requisites for the acquisitive prescription of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription." Plaintiffs maintain the trial court erred by finding they lacked the "just title" component; thus, defeating their ownership claims pursuant to ten-year acquisitive prescription.

Following Plaintiffs' tax sale purchase of the Property in 2002, they failed to

pay ad valorem taxes.[9]  As a result, the Property was adjudicated to the City in 2012.  Mr. Mondale attached the tax sale certificate reflecting the September 25, 2012 adjudication to the City, which stated notice was sent by certified mail to Plaintiffs at their registered address and that the tax sale was advertised on August 24, 2012, and September 21, 2012.  The tax sale certificate was recorded on July 6, 2016.

Plaintiffs claim the 2012 tax sale was a nullity for failure to provide them with "post-sale" notice.  "Under the 2008 revision[s], 'the tax collector no longer auctions the real estate itself; instead, the tax collector auctions a tax sale title to the property, as evidenced by a tax sale certificate per La.[R.S.] 47:2155, which neither transfers nor terminates the property interest of any person in the property.'" *Precept Credit Opportunities Fund, L.P. v. Walker*, 2021-0670, p. 7 (La. App. 4 Cir. 6/22/22), 343 So.3d 299, 305 (quoting *Fairway Gardenhomes*, 16-1855, p. 11, 225 So.3d at 448.  Further, as this Court previously noted, "[u]nder the 2008 revisions, '[t]ax sales may no longer be attacked as absolute nullities. Instead, there are three statutorily enumerated challenges, which if proven, will nullify a tax sale certificate——[i] a payment nullity, [ii] [a] redemption nullity, or [iii] a nullity under La. R.S. 47:2162 [a sale to a prohibited buyer].'" *Precept*, 2021-0670, p. 8, 343 So.3d at 305 (quoting *Stow-Serge v. Side by Side Redevelopment, Inc.*, 20-0015, p. 5 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, 76).  As these challenges can be cured, they are considered relative nullities and do no create a nullity action. *Precept*, 2021-0670, p. 8, 343 So.3d at 305.

A redemption nullity is the only nullity that could arguably apply in this

---

[9] Plaintiffs claim CCPRS is a nonprofit, such that no ad valorem taxes were ever due.  However, CCPRS's applications for this exemption, according to Plaintiffs, were not acted upon by the City.

matter.  Indeed, Plaintiffs contend post-sale notice was lacking.  "A 'redemption nullity' is 'the right of a person to annul a tax sale in accordance with La. R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period.'"  *Stow-Serge*, 2020-0015, p. 5, 302 So.3d at 76 (quoting La. R.S. 47:2122(10)).

"[T]ax sales are presumed valid."  *Heirs of John Beckwith LLC v. Sims*, 2020-0476, p. 27 (La. App. 4 Cir. 3/10/21), 315 So.3d 306, 326.  Once the record included a presumptively valid tax sale certificate, the burden shifted to Plaintiffs to provide evidence of defects in the tax adjudication.  *Lepree*, 2022-0853, p. 17, 370 So.3d at 1202.  In *Lepree*, the non-moving party was tasked with opposing a summary judgment after a valid tax sale was presented.  *Id*.  The non-mover "merely argued that she did not receive notice of the sale of the Property and that the record was lacking proof of post-tax sale notice of her right to redeem the Property."  *Id*.  This Court held that "[t]his was insufficient to rebut the presumption of validity."  *Id*.  Specifically, we opined:

> [non-mover] did not even attach an affidavit to her Opposition with an attestation about her alleged lack of post-sale notice; and she otherwise failed to include any exhibits and evidence to support her arguments. Rather, [non-mover's] reliance on only the arguments of her counsel in her Opposition to [mover's] Motion for Summary Judgment was insufficient to create a genuine issue of material fact as to the validity of the tax sale deed.

*Id*.  *See also Equity Tr. Co., FBO 200267986 (59.51%) & 200267988 (40.49%) v. Thorrick*, 2023-0779, pp. 20-22 (La. App. 4 Cir. 7/10/24), 399 So.3d 454, 467-68 (finding non-mover "also did not provide any evidence or exhibits to otherwise rebut the validity of the tax sale.").

Much like the non-movers in *Lepree* and *Equity*, Plaintiffs' opposition lacked evidence of a defect in the 2012 tax adjudication.  Plaintiffs contend the

"list" attached to their opposition shows that the City failed to comply with post-sale notice requirements and, thus, creates a genuine issue of material fact. We disagree. The list is unlabeled and unauthenticated. Plaintiffs did not attach an affidavit from a City employee explaining what the "list" means or purports to display. We find this equates with nothing more than argument of counsel attempting to tell this Court, and the trial court, what the "list" allegedly embodies. Plaintiffs appear to concede this fact in their reply brief when they asserted, "[t]he reason that Crescent City Property did not produce evidence of a 'post-sale' notice is because none exists!"

Moreover, once a party is divested of possession under a just title pursuant to a tax sale, the property cannot be "acquire[d] by possession of less than thirty years." *Cole v. Martin*, 343 So.2d 334, 336 (La. App. 2d Cir. 2/14/77). *See also Crescent City Prop. Redevelopment Ass'n, LLC v. Muniz*, 2020-0421, pp. 8-9 (La. App. 4 Cir. 2/10/21), 313 So.3d 406, 412, *writ granted*, *judgment rev'd on other grounds*, 2021-00371 (La. 6/1/21), 347 So.3d 682 ("Louisiana jurisprudence does not allow a party to claim just title where it has not paid the taxes and the property is sold at a tax sale.") (Supreme Court reversed on other grounds and found the issue of just title premature).

Accordingly, we find the trial court did not err by granting Mr. Mondale's summary judgment motion and dismissing Plaintiffs' claims of ownership pursuant to ten-year acquisitive prescription.

**MOTION FOR NEW TRIAL**

Plaintiffs' motion for appeal also designated the trial court's August 13, 2024 denial of their motion for new trial for appeal. Neither Plaintiffs' appellate brief nor their reply brief assigned the motion for new trial as an assignment of

error, discussed the standard of review for motions for new trial, or discussed the alleged error of the trial court's ruling. Rule 2-12.4(B)(4) of the Uniform Rules – Courts of Appeal provides that "[t]he court may deem as abandoned any assignment of error or issue for review which has not been briefed." *See also Alexander v. Blue Williams, L.L.P.*, 2023-0216, p. 6 (La. App. 4 Cir. 7/31/24), 399 So.3d 621, 625, *writ not considered*, 2024-01094 (La. 11/20/24), 396 So.3d 66, *reconsideration denied*, 2024-01094 (La. 2/19/25), 400 So.3d 921; *Hardy v. Juv. Just. Intervention Ctr.*, 2021-0715, p. 9 (La. App. 4 Cir. 6/15/22), 342 So.3d 1076, 1082; *Cmty. Dev. Cap. v. Hous. Corp. of Am.*, 2019-0045, p. 9 (La. App. 4 Cir. 7/31/19), 363 So.3d 389, 395. Accordingly, we pretermit discussion of same.

## DECREE

For the foregoing reasons, we find the trial court did not err by granting Mr. Mondale's motion for summary judgment in part as it pertains to Plaintiffs' claims of ownership based on the 2002 tax deed and ten-year acquisitive prescription. We affirm.

**AFFIRMED**